■ THE PEOPLE OF THE STATE OF NEW YORK, Respondents, v. STEVEN ROLCHIGO, Appellant.— GREENBLOTT, J. Appeal from a judgment of the County Court of Schenectady County, rendered May 28, 1968, upon a verdict convicting defendant of the crime of grand larceny in the third degree, in violation of section 155.05 (subd. 2, par. [d]) of the Penal Law. The defendant was sentenced to an indeterminate term not exceeding three years in the custody of the Department of Correction. Appellant contends, inter alia, that the District Attorney improperly commented upon his failure to testify; that the People failed to prove fraudulent intent, a material element of the crime charged; and that the trial court omitted to charge a portion of the applicable sections of the Penal Law. During his summation, the District Attorney stated that the appellant failed to controvert any of the testimony offered by the People. Assuming, arguendo, that these remarks were improper, the rights of the appellant were safeguarded by the trial court's charge, since the provisions of section 393 of the Code of Criminal Procedure were carefully explained to the jury. It should be noted too that appellant's guilt was clearly established (People v. Maimone, 9 A D 2d 780, affd. 7 N Y 2d 998, cert. den. sub nom.

*Akel* v. *New York*, 364 U. S. 827). Furthermore, evidence other than his own testimony could have been introduced by the appellant to controvert the evidence against him. We do not agree with appellant's contention that the People failed to prove that he never intended to deliver the television set or return the money. Section 155.05 (subd. 2, par. [d]) of the Penal Law provides that the defendant's intention or belief that the promise would not be performed may not be established by or inferred from the fact alone that such promise was not performed. The evidence discloses the existence of many circumstances beyond the mere failure of the defendant to perform his promise by nondelivery of the television sets, including the obviously false statements contained in the receipt as filled out by the appellant; his evasiveness in responding to the numerous phone calls made to him by the complaining witness; his failure to return the money; and the many inconsistencies in his statements about the person who was going to sell him the television sets. The remainder of the appellant's contentions are without merit. The trial court's charge contained complete and accurate statements of the applicable statutes and law dealing with intent. Furthermore, appellant's counsel failed to object to this portion of the charge. The record contains ample evidence to support the verdict of the jury. Under all the circumstances the judgment should be affirmed. (Code Crim. Pro., § 542.) Judgment affirmed. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.