■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS J. FALLON, Also Known as LOUIS J. FALLEN, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered October 17, 1978, upon a verdict convicting defendant of two counts of the crime of robbery in the second degree. As a result of an incident which occurred at approximately 12:45 A.M. on June 7, 1978 in the City of Albany wherein one Robert Coffin was accosted and assaulted by three men and also robbed of his moped and approximately $40 in cash, defendant was indicted upon one count of robbery in the first degree and two counts of robbery in the second degree. Following a jury trial, he was convicted on the two second degree robbery charges, and he was thereupon sentenced to two concurrent indeterminate terms of imprisonment of 5 to 15 years each. This appeal followed. Defendant's initial contention that the trial court committed reversible error when it limited defendant's right of cross-examination by applying the *Sandoval* rule and procedure to a nondefendant witness, i.e., complainant Robert Coffin, is without merit. The court in no way limited the defense's cross-examination of Coffin. Instead, it merely ruled that, if the defense questioned Coffin as to the underlying facts of his earlier assault conviction, then the People could question defendant as to the underlying facts of his earlier assault convictions. By this ruling the court applied the *Sandoval*

rationale to defendant and concluded with regard to the issue of defendant's credibility that, once Coffin was questioned concerning the facts underlying his conviction, the probative value of the facts underlying defendant's prior convictions outweighed any prejudice to defendant, which would result from allowing such matters into evidence. In making this determination the court acted in accord with the dictates of *People v Sandoval* (34 NY2d 371) and did not abuse its discretion. Moreover, holding to the contrary should not be error of a magnitude to cause a reversal *(People v Crimmins,* 36 NY2d 230). Similarly, defendant's remaining arguments are also lacking in substance. Coffin's identification of defendant at the scene of the crime did not taint, but rather enhanced his subsequent identification testimony at trial (cf. *People v Blake,* 35 NY2d 331). As for the sentences imposed, they were within the statutory guidelines and should not be disturbed, particularly in view of defendant's prior criminal record and history of assaultive behavior, and also the violent nature of the crimes involved here. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.