■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BROWN, Appellant.—Judgment, Supreme Court, Bronx County, rendered December 14, 1978, convicting defendant after a jury trial of robbery in the first degree and sentencing him to an indeterminate term of imprisonment of from 0 to 7 years, reversed, on the law and the facts, and as a matter of discretion in the interest of justice, and the matter remanded for a new trial. On appeal, defendant alleges that the cumulative impact of several comments made during the prosecutor's summation resulted in prejudice, depriving him of his constitutional right to a fair trial. The remarks at issue reflected negatively on the credibility of defendant's witnesses and the defendant himself as a witness, and were made in the context of a case where the evidence tending to establish the identity of the perpetrator was not conclusive. Defendant properly objected to each of these remarks. Objection was sustained as to three of these remarks, but in these instances no curative instructions were requested or given to the jury to disregard the comments, a measure which could have mitigated their prejudicial effect. The People concede that some of these remarks were better left unsaid, but argue that none rose to the level of effectively depriving defendant of a fair trial. Where such prosecutorial misconduct is alleged, our inquiry must be whether these claimed defects influenced the jury and tainted the verdict. (*People v Kingston,* 8 NY2d 384.) We must review these remarks in light of the totality of the testimony presented, and they take on added significance where the evidence of defendant's guilt is not overwhelming. (See *People v Brosnan,* 32 NY2d 254, 262.) Here, where the defendant testified he was not at the scene of the crime and produced witnesses who so testified, the cumulative effect of a number of remarks not fairly to be inferred from the evidence, which reflected on the credibility of the witnesses and the quality of the defense itself, was such that we are not persuaded that the jury, in convicting, was not improperly swayed. (See *People v Ashwal,* 39 NY2d 105.) Concur—Murphy, P. J., Kupferman and Birns, JJ.

Sandler and Sullivan, JJ., dissent in a memorandum by Sullivan, J., as follows: We would affirm the judgment. The prosecutor's remarks during

summation, upon which the majority relies in its decision, were perhaps better left unsaid, but hardly warrant reversal. Evidence of defendant's guilt was strong, notwithstanding that this is a one-witness identification case. His victim, alert and observant, stood face to face with defendant for three or four minutes during the course of a knifepoint robbery, and unhesitatingly identified him at trial. Objections to three of the five complained of remarks during summation were sustained by the court, so that only two of the statements stood uncleansed before the jury—"the defense in this case is an insult to your intelligence" and "John Brown is a cutie, a streetwise". We do not believe that such statements so poisoned or inflamed the jurors' minds that they could not render an impartial verdict. Objections to the other remarks were sustained, and defendant did not seek curative instructions. The jury heard the complainant's testimony, the alibi testimony of defendant's relatives, and the summation of both parties. No argument is made that the charge was defective. We do an injustice to the jurors if in these days of Madison Avenue huckstering, mass media electioneering, and Perry Mason television shows, we find that they cannot discern the difference between rhetorical hyperbole, to which a defendant has objected, and the evidence which the People offered to prove the elements of the crime.