## (September 18, 1980)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD TAGLIAMONTE, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered February 13, 1979 upon a verdict convicting defendant of seven counts of the crime of criminal possession of a controlled substance in the first degree and one count of the crime of criminal possession of a forged instrument in the second degree. Defendant was indicted on seven counts of criminal possession of a controlled substance in the first degree (Penal Law, § 220.21, subd 1) and 21 counts of criminal possession of a forged instrument in the second degree (Penal Law, § 170.25). Twenty of the forged instrument charges were dismissed during trial, and defendant was convicted of the remaining one and the seven drug charges. He was sentenced to concurrent terms of imprisonment of 20 years to life for the drug charges and three and one-half to seven years for the forged instrument charge. This appeal ensued and defendant raises several issues which he contends require a reversal. Initially, defendant contends that the People failed to prove each and every element of the offenses charged. We disagree. The record clearly demonstrates that defendant adopted a scheme whereby he obtained the drug percodan from various drug stores in the Albany area by using false names and addresses on the prescriptions. Six pharmacists testified that they gave defendant more than two ounces of percodan when defendant presented the prescriptions, and seven such transactions were described. We also reject defendant's contention that there was insufficient evidence to establish that the doctor's signature on

the prescription was forged. The record contained the doctor's signature on his application for a medical license. It was, therefore, within the competence of the jury to find that the signature on the prescription was forged *(People v Molineux,* 168 NY 264, 321, 324). We are also of the view that the trial court properly excluded evidence of the doctor's past prescription practices as irrelevant and remote. While we agree with defendant that the court improperly charged the jury in the following language: "Unlawfully means in violation of Article 33 of the Public Health Law; however, the burden of establishing that such possession was not in violation of the provisions of Article 33 of the Public Health Law rests upon the defendant", such does not require a reversal here. The proof of defendant's guilt is overwhelming and, consequently, the error was harmless beyond a reasonable doubt *(People v Crimmins,* 36 NY2d 230). There must be an affirmance. Finally, the imposition of the sentence was within the discretion of the sentencing court and we find no abuse of that discretion *(People v Dittmar,* 41 AD2d 788). Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.