■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE PATTERSON, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered April 22, 1980 upon a verdict convicting defendant of the crime of rape in the first degree. On this appeal, defendant argues, *inter alia,* that a mistrial should have been granted due to a prejudicial statement of a prosecution witness, and that he was denied a fair trial because

of prosecutorial misconduct in summation. We disagree. Defendant's mistrial motion is grounded on the testimony of Detective Fischer that "me and my partner had reason to believe that Mr. Patterson was possibly involved in a few rapes in the Pine Hills section of our city." Prompt curative instructions by the court to "disregard it [the statement] in toto", negate the contention that this single isolated response deprived defendant of a fair trial (CPL 280.10, subd 1; *People v Young,* 48 NY2d 995; *People v Arce,* 42 NY2d 179; see *People v Cruz,* 72 AD2d 748). Defendant's argument that the remarks by the District Attorney during summation either individually or cumulatively deprived him of his constitutional right to a fair trial fails. While a prosecutor may not comment directly or indirectly upon a defendant's failure to testify *(People v Mirenda,* 23 NY2d 439; *People v Moore,* 82 AD2d 972; *People v Blackman,* 31 AD2d 626), the District Attorney's expressions as to lack of proof do not require reversal. Defendant's objections to these statements were repeatedly sustained, and curative instructions, although not immediately given, did properly charge as to burden of proof and presumption of innocence. In view of the overwhelming evidence of guilt, including the victim's positive identification and the defendant's own confession, the indirect reference to defendant's failure to testify is harmless *(People v Crimmins,* 36 NY2d 230; *People v Carelock,* 58 AD2d 996; *People v Rolchigo,* 33 AD2d 1060). Similarly, the prosecutor's brief reference to matters not in evidence, and his limited bolstering of witnesses, did not serve to render the trial unfair. While the prosecutor's "safe streets" comments were better left unsaid, in view of defense counsel's summation that the victim showed a severe lack of judgment in walking home alone, the remarks may be deemed an acceptable response "in kind" (see *People v Mackey,* 52 AD2d 662). No trial is perfect, and if it is eminently fair and if cautionary instructions are given, the result will be upheld *(People v Galloway,* 77 AD2d 542; see, also, *People v Arce,* 42 NY2d 179, 187, *supra).* Viewing the challenged remarks in light of the entire testimony *(People v Brown,* 77 AD2d 841), we cannot say defendant was denied his right to a fair trial. Finally, the sentence imposed was neither illegal nor excessive. Defendant's sentence was properly calculated and specified as the maximum for a class B felony for a second felony offender (Penal Law, § 70.06). Sentencing is within the discretion of the sentencing court and we should not interfere with such discretion absent extraordinary circumstances *(People v Tagliamonte,* 78 AD2d 565; *People v Miller,* 74 AD2d 961, mot for lv to app den 50 NY2d 1003). We find no such circumstances herein. Defendant's remaining contentions are without merit. Judgment affirmed. Mahoney, P.J., Mikoll, Yesawich, Jr., and Weiss, JJ., concur.