■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN A. BONDS, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered October 14, 1981, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree. As a result of an incident which occurred at approximately 8:36 P.M. on December 16, 1980 at 345 Hudson Avenue in the City of Albany wherein defendant allegedly knowingly entered and remained in a dwelling with the intent to commit a crime therein, defendant was indicted on one count of burglary in the second degree (Penal Law, § 140.25, subd 2). Following a suppression hearing, defendant's motion to suppress the identification testimony of one Raymond Andrews was denied, and defendant thereafter pleaded guilty to the reduced charge of attempted burglary in the second degree, a class D felony (see Penal Law, §§ 110.00, 110.05, subd 5), in full satisfaction of the indictment. On October 14, 1981, he was sentenced, as a second felony offender, to an indeterminate term of imprisonment of two to fours years, and the present appeal followed. The challenged judgment should be affirmed, and in so ruling we find without merit defendant's contention that the court erred when it denied his motion to suppress the identification testimony. It was the dwelling of Raymond Andrews that was allegedly burglarized by defendant, and evidence adduced at the suppression hearing established that Andrews had an opportunity to view the burglar in his dwelling for about 10 minutes at close range and under excellent lighting conditions. Given these circumstances, there was clearly an adequate basis for Andrews' identification testimony, and this testimony was not tainted in any way by Andrews' identification of defendant as the burglar at the scene of the crime when the police presented defendant as a suspect approximately 30 minutes after the incident (cf. *People v Fallon,* 76 AD2d 982, mot for lv to app den 51 NY2d 730). Defendant's remaining arguments are similarly unpersuasive. Considering the pertinent factors set forth in *People v Taranovich* (37 NY2d 442), we find no merit to his speedy trial argument under CPL 30.20, and he waived his speedy trial argument under CPL 30.30 by his guilty plea (*People v Suarez,* 55 NY2d 940). As for the sentence imposed, it was well within the statutory guidelines for a class D felony conviction (see Penal Law, § 70.06, subd 3, par [d]; subd 4, par [b]) and also in accord with the presentence report and the plea bargain agreement between the parties. Clearly, no abuse of discretion by the sentencing court has been shown (see *People v Tagliamonte,* 78 AD2d 565, mot for lv to app den 51 NY2d 884). Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.