■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN M. BREWER, Also Known as SAM BREWER, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered March 23, 1981, upon a verdict convicting defendant of the crimes of kidnapping in the second degree, rape in the first degree and rape in the third degree. On the evening of June 28, 1980, defendant left a bar in Albany with a mentally defective female. He took her to his apartment at 307 Clinton Avenue where he and another man allegedly held her hostage and forced her to engage in sexual intercourse. On the following day the victim called her father on an outside phone and generally described the area where defendant's apartment was located. Based on this information, the police went to 307 Clinton Avenue where they found defendant sitting on the front steps and the girl in an apartment inside the building. Medical examination confirmed that the victim had recently engaged in sexual intercourse. Following his arrest defendant admitted that he had sexual relations with the girl but denied that he raped her. Defendant was indicted, tried and convicted of the crimes of kidnapping in the second degree, rape in the first degree and rape in the third degree. On this appeal, defendant asserts that: (1) the trial court abused its discretion by allowing the retarded complainant to testify as an unsworn witness; (2) there was insufficient evidence to uphold the convictions of kidnapping in the second degree and rape in the first degree since the victim's unsworn testimony was not corroborated; (3) the merger doctrine precludes defendant's conviction of kidnapping in the second degree; (4) he was deprived of his right to a fair trial by the manner in which the District Attorney elicited an in-court identification of defendant by the retarded complainant and the comments made by the District Attorney during summation; (5) a statement made to police was obtained in violation of his right to counsel; and (6) he was arraigned on a defective felony complaint. Initially, we hold that the examination of the retarded complainant out of the presence of the jury by the trial court was adequate, both in question content and depth of inquiry, so as to permit the conclusion that the complainant was capable of testifying (see *People v Parks,* 41 NY2d 36; *People v Nisoff,* 36 NY2d 560, 566-567). We also hold that while the in-court identification of defendant by complainant was difficult to obtain, it was not error to permit the jury to reach their own conclusion regarding defendant's identity, particularly since there were other witnesses, notably police officers, who identified defendant and testified that defendant was present when the victim was found in his apartment. Therefore, we narrow our review to the dual issues of whether there was sufficient proof corroborative of the victim's testimony to sustain the indictment with respect to the crimes of kidnapping in the second degree and rape in the first degree, and, if such proof was legally sufficient, was the defendant denied his right to a fair trail by prosecutorial misconduct during summation. A conviction is not valid unless based upon wholly sufficient evidence which establishes every element of the offense charged beyond a reasonable doubt (CPL 70.20). Evidence is not legally sufficient when corroboration required by law is absent (CPL 70.10, subd 1). Here, we are dealing with testimony of an unsworn witness which is legally incapable of supporting a conviction of the crime charged without sufficient corroboration (CPL 60.20, subds 2, 3). The purpose of the statute requiring corroboration of unsworn witnesses is to establish the trustworthiness of the unsworn witness, rather than prove the charge itself. While the requisite corroborating evidence may be circumstantial, it need not be positive and direct but must extend to proof of circumstances legitimately tending to show the existence of the material facts of the crime (*People v St. John,* 74 AD2d 85, 88, app dsmd 53 NY2d 704; *People v Bravender,* 35 AD2d 1035). With respect to the crime of kidnapping in the

second degree, the unsworn complainant testified that defendant kept her in his apartment against her will. She admitted, however, that she left the apartment and called her father. Police Officer Hendrick testified that he found complainant in an apartment at 307 Clinton Avenue and that defendant was sitting on the front steps when he arrived. Since a person cannot be guilty of kidnapping in the second degree unless "he abducts another person" (Penal Law, § 135.20), defendant's motion to dismiss the kidnapping charge made at the close of the People's case should have been granted.[*] The term "abduct" (Penal Law, § 135.00, subd 2) is meant to cover "a very serious form of restraint, savoring strongly of the substantial removal, isolation and/or violence usually associated with genuine kidnapping" (Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 135.00, p 494). Clearly, the proof offered to corroborate the unsworn testimony of complainant did not legitimately tend to show the existence of the material facts of the single element crime of kidnapping in the second degree. Turning to defendant's conviction of rape in the first degree (Penal Law, § 130.35), we reach a different conclusion with respect to the quality of the corroborative evidence. The unsworn testimony of the victim and the medical proof that the complainant had recently engaged in sexual relations, when juxtaposed with the testimony of two police officers that defendant admitted to having intercourse with the victim but denied that it was rape, positively raised a credibility issue for jural resolution. Thus, one of the two requisite elements of the crime of rape in the first degree, sexual intercourse, was established by adequate corroborative evidence. This fact lends credence to complainant's unsworn testimony that she engaged in sexual intercourse as a result of forcible compulsion. Accordingly, we conclude that the corroborative proof of the unsworn testimony of complainant was adequate to resist defendant's motion to dismiss that count of the indictment charging first degree rape. Finally, we reach the question of whether defendant was deprived of his fundamental right to a fair trial because of comments made by the prosecutor during summation. While it is the right of counsel during summation to comment upon every pertinent fact bearing upon the issues the jury must decide, particularly in criminal cases where the right is guaranteed to the defendant and prosecutor alike (*People v Ashwal,* 39 NY2d 105, 109), summation is not an unabridged rhetorical debate. Final arguments to the jury must stay within the confines of the evidence. Above all, the District Attorney should not seek to lead the jury away from the issues by drawing irrelevant and inflammatory conclusions which have a decided tendency to prejudice the jury against the defendant. Here, on six separate occasions the prosecutor commented on the fact that defendant failed to produce evidence to contradict the People's proof. On each occasion he concluded his recitation of an element of the People's proof by saying "unrebutted" or "no proof to the contrary" or "no contrary proof". Comment by a prosecuting attorney on a defendant's failure to testify is ground for reversal where, as here, the trial court fails to give curative instructions (*People v Ashwal, supra; People v Brown,* 77 AD2d 841; cf. *People v Rolchigo,* 33 AD2d 1060, affd 28 NY2d 644 [where curative instructions were given]). Next, the District Attorney during summation improperly suggested that one of defendant's witnesses failed to go to the police with his story upon learning about defendant's arrest for rape. In *People v Dawson* (50 NY2d 311), the Court of Appeals stated that, absent a legislative

---

[*] The other man who was alleged to have participated in these events was tried jointly with defendant. The trial court granted a motion at the close of the People's case dismissing the entire indictment against the codefendant on the basis of legal insufficiency of the evidence.

directive, a citizen has no legal obligation to volunteer exculpatory information to law enforcement officials. It is, therefore, improper for the prosecution to suggest that a defense witness is unworthy of belief solely because he has failed to come forward prior to trial (*id.*, at p 318). Exceptions to this rule were noted in *Dawson* which are inapplicable to this case. Lastly, the District Attorney committed serious error in characterizing one of the defense witnesses as a "convicted heroin dealer". While the witness testified during cross-examination that he had been convicted of several drug-related charges, there is nothing in the record which would indicate that the witness was a "convicted heroin dealer". Moreover, the trial court enhanced the possibility of prejudice by overruling defendant's objection to this comment rather than dissipating the harm by advising the jury that the comment was improper and instructing the jury to disregard it (see *People v Ashwal, supra*). Cumulatively, the District Attorney's comments during summation were so egregious that the strong likelihood exists that, in the absence of curative instructions by the trial court, they generated prejudice that tainted the jury's verdict and deprived defendant of his constitutional right to a fair trial (see *People v Crimmins,* 36 NY2d 230, 238). Reversal of the convictions for rape in the first and third degree is mandated and a new trial on those counts directed. Due to our resolution of the issues already discussed, we do not reach the remaining arguments advanced by defendant for reversal. Judgment reversed, on the law and the facts, by dismissing that count of the indictment charging defendant with the crime of kidnapping in the second degree, and a new trial on the remaining counts of rape in the first degree and rape in the third degree is ordered. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.

