■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN SMITH, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered October 1, 1982, convicting defendant upon his plea of guilty of the crimes of attempted criminal possession of a controlled substance in the fifth degree and criminal sale of marihuana in the third degree.

On April 6, 1982, while a police officer was listening in, an informant telephoned defendant's residence in an effort to set up the purchase of one quarter of a pound of marihuana. The first call was answered by defendant's wife; the second call, about 30 minutes later, was answered by defendant. Thereafter, police wired the informant so that they could listen to the conversation from a distance and the informant went to defendant's residence, where he purchased the marihuana by paying to defendant's wife a sum in excess of $100. Immediately thereafter, the police obtained a search warrant from the Chemung County Judge and made a search of defendant's residence. Neither defendant nor his wife was present when the warrant was first executed. Marihuana and illegal drugs were seized as well as

drug paraphernalia, cash and what appeared to be a book of account evidencing the purchase and sale of marihuana and controlled substances. Later that day, defendant made a written statement which he signed and in which he attested to the fact that he waived his *Miranda* rights.

The sole issue on appeal is defendant's contention that "the statement of the defendant was involuntarily given and the taking of the statement was in violation of his constitutional rights". A *Huntley* hearing was conducted on July 6, 1982 at which Sheriff Patrick Patterson and Officers Daniel O'Brien and Edmond Wilkins testified. The substance of their testimony was that a number of police were in the house from time to time during the search and the preparation of an inventory. Officer Wilkins was present when defendant returned to his home and testified that defendant refused to engage in any conversation. Later, Sheriff Patterson returned to the scene and orally gave defendant his *Miranda* warnings. Defendant engaged in a conversation with the Sheriff concerning certain pills found in a refrigerator and defendant's reason for becoming involved in the sale of illegal substances. However, he steadfastly refused to disclose his source of drugs. Later, Officer O'Brien arrived at the scene and, being advised that defendant had been informed of his *Miranda* rights, continued the discussion in which defendant answered some questions but refused to reveal his sources. Defendant was then taken to the Sheriff's office where he gave information concerning his history of illegal sales and admitted the sale of marihuana on that date to the informant. His *Miranda* rights had been given in printed form and the statement was reduced to writing which he signed. After giving his statement, defendant conferred with the District Attorney, who sought to obtain his cooperation in setting up those individuals who had supplied him with the illegal substances. Apparently in the hope of obtaining his cooperation, the District Attorney decided not to make an immediate arrest for the crimes committed.

Defendant contends that he never expressly waived his *Miranda* rights. Neither he nor anyone on his behalf testified at the *Huntley* hearing. However, the record is clear that he did discuss certain aspects of his behavior after having received his *Miranda* rights. The question of a waiver of *Miranda* rights is not one of form, but of whether the defendant knowingly and voluntarily waived his rights (*North Carolina v Butler,* 441 US 369; *People v Harris,* 79 AD2d 615). In our opinion, the trial court was completely justified in the denial of the suppression motion based upon the evidence at the hearing, particularly in

view of the fact that before signing his confession defendant executed a written waiver of his *Miranda* rights.

Defendant also contends that his confession was involuntary because promises were made for his cooperation. Nothing in the record supports this contention. Although it is apparent that the police were most interested in obtaining the names of defendant's sources, and it is highly probable that they would have recommended greater leniency to defendant had he assisted in bringing about the arrest of his sources, defendant refused to do so. No promises were made nor intimated to obtain defendant's statement of his activities which, when given, amounted to little more than confirmation of information which the police already had. There was no conflict in the testimony. At best, there may have been a conflict of inferences to be drawn therefrom, the choice of which was for the trier of facts and should be honored unless unsupported as a matter of law (*People v Vail,* 90 AD2d 917; *People v Munro,* 86 AD2d 683). The trial court did not err in its determination that defendant's statement was voluntary and not in reliance upon a promise made by the police.

Judgment affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.