■ THE PEOPLE OF THE STATE OF NEW YORK Respondent, v DAVID MOORE, Appellant.—Main, J. Appeal from a judgment of the County Court of Albany County (Turner, J.), rendered June 15, 1984, upon a verdict convicting defendant of the crime of grand larceny in the second degree.

On February 4, 1984, Wilson Walker notified the police that someone had stolen his car from in front of his home in the City of Albany. Shortly, thereafter, the police apprehended defendant when he was seen driving Walker's car. Defendant was taken into custody and was read his *Miranda* rights. When Detective Kenneth Kennedy asked defendant if he understood his rights, defendant answered in the affirmative. Defendant was asked if he wished to talk about the car, which he then admitted taking. After he was indicted for grand larceny in the second degree, defendant moved to suppress his confession. That motion was denied. Following a jury trial, defendant was found guilty of the crime of grand larceny in the second degree.

Defendant's first argument on appeal is that County Court should have suppressed his confession because he never expressly waived his constitutional rights. This argument lacks merit. As we have noted in the past, "[t]he question of a waiver of *Miranda* rights is not one of form, but of whether the defendant knowingly and voluntarily waived his rights" *(People v Smith,* 104 AD2d 682, 683). Here, defendant was read his *Miranda* rights and was asked whether he understood them. Defendant, after stating that he did understand his rights, immediately gave an unhesitant confession to taking Walker's car. Given these circumstances, and given defendant's extensive prior contacts with police, we conclude that defendant knowingly and voluntarily waived his rights *(see, People v Harris,* 79 AD2d 615, 616).

Defendant next argues that the verdict was against the weight of the trial evidence. We disagree. On appeal, this court must, of course, view the evidence in a light most favorable to the People *(People v Kennedy,* 47 NY2d 196, 203;

*People v Hoffman,* 112 AD2d 588). As aforementioned, defendant confessed to taking Walker's car. His confession, corroborated by Walker's testimony that he saw someone similar in appearance to defendant get into his car and drive it away, provided a basis for the conviction *(see,* CPL 60.50). In addition, defendant was in possession of Walker's car at the time of his apprehension. The record thus provides ample support for the jury's verdict.

Finally, defendant contends that certain statements made during the People's summation warrant reversal of his conviction. Specifically, the People asked the jury to draw an inference of guilt from defendant's possession of Walker's car at the time of his apprehension and to consider the fact that no evidence had been presented by defendant to explain his possession of the vehicle. While a prosecutor may not comment directly or indirectly on a defendant's failure to testify *(People v Patterson,* 83 AD2d 691, 692), the prosecutor's comments here do not mandate reversal since County Court gave immediate curative instructions *(see, supra; People v Rolchigo,* 33 AD2d 1060, *affd* 28 NY2d 644; *cf. People v Brewer,* 94 AD2d 812, 813).

Judgment affirmed. Mahoney, P. J., Kane, Main, Casey and Harvey, JJ., concur.