■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONROE HOWARD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered May 17, 1984, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant contends that the People did not present sufficient evidence to corroborate the unsworn testimony of his two children as to the circumstances surrounding the stabbing death of their mother. We disagree.

The purpose of the corroborating evidence requirement of CPL 60.20 is to establish the trustworthiness of an unsworn witness rather than to prove the charge itself *(People v Brewer,* 94 AD2d 812; *People v St. John,* 74 AD2d 85, 88, *appeal dismissed* 53 NY2d 704). At bar, the defendant made statements placing himself at the scene of the stabbing, but claimed that he merely swung his arm to push his wife out of the way, and that she stabbed herself with a knife she was holding. The medical examiner testified that the wound was 4¼ inches deep, and followed a straight path front to back and slightly downward. He opined that such a wound could not have been self-inflicted, would have required moderate force, and could not have resulted from a swinging motion.

Furthermore, he testified that the wound would have caused immediate shock and lapse into unconsciousness, followed by death within five minutes.

This testimony corroborated the children's description of their father taking a knife and stabbing their mother once, their mother's immediate collapse, and her lack of movement thereafter. Accordingly, the defendant was not convicted solely upon the unsworn evidence of his children in violation of CPL 60.20. The defendant's remaining contentions have been considered and found to be without merit. Weinstein, J. P., Niehoff, Lawrence and Eiber, JJ., concur.