■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS C. ROCKWELL, Appellant. (And Another Related Action.)—Kane, J. Appeal from a judgment of the County Court

of Columbia County (Leaman, J.), rendered January 21, 1987, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant was charged in two separate indictments with, *inter alia,* the criminal possession and sale of a controlled substance. The first indictment concerned a sale allegedly occurring on August 14, 1986 and the second indictment involved an alleged sale occurring on August 18, 1986. At an ensuing suppression hearing, the only witness to testify was Deputy Leonard Edwards, the person to whom defendant allegedly sold the drugs. Defendant did not testify and presented no witnesses on his behalf. Edwards testified that at about 7:20 P.M. on August 14, 1986, defendant, along with Sean Moore, arrived at Edwards' home. Defendant pulled out a plastic bag filled with several packets and told Edwards, "I've got cocaine for sale. This is real good shit." Edwards then paid defendant $300 for the packets. Edwards also testified that defendant told him that if Edwards arrested him, defendant would "blow my head off". Subsequent to the suppression hearing, County Court refused to suppress defendant's statements. Thereafter, in full satisfaction of all of the charges in both indictments, defendant pleaded guilty to the crime of the criminal sale of a controlled substance in the third degree. This appeal by defendant ensued.

Initially, defendant contends that County Court applied the incorrect standard of proof at the suppression hearing. We find this contention to be without merit. On a motion to suppress evidence, it is the defendant and not the People that have the burden of persuasion; the People have only the burden of going forward to show the legality of the police conduct in question *(People v Di Stefano,* 38 NY2d 640; *see, People v Love,* 57 NY2d 998). Upon our review of the record we find that County Court properly enunciated the above proposition of law and that there is no evidence to support defendant's claim that the court applied an incorrect standard of proof in reaching its decision.

Next, defendant claims that Edwards' testimony was contradictory in that on direct examination Edwards testified that defendant made his statements after the sale, but that on cross-examination he testified that the sale occurred after he told defendant he would not arrest him. However, a review of the testimony reveals that defendant's attorney had been questioning Edwards as to both the August 14, 1986 sale and the August 18, 1986 sale and, therefore, it was unclear in Edwards' answers as to which transaction he was testifying to.

On redirect examination, Edwards was asked specifically about the August 14, 1986 sale and he again reaffirmed that it was not until after that sale that he told defendant he was a police officer and that he would not arrest him. Thus, there was no conflict in the testimony as defendant claims. At best, there may have been a conflict of inferences to be drawn therefrom, the choice of which was for the trier of facts and should be honored unless unsupported as a matter of law (see, People v Smith, 104 AD2d 682). We find that County Court was empowered to conclude on the basis of the evidence before it that the People offered sufficient evidence to sustain their burden (see, People v Di Stefano, supra).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.