■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMIAH K. CLARK, Appellant. (Appeal No. 2.) [661 NYS2d 577] —Judgment unanimously affirmed. Same Memorandum as in *People v Clark* (239 AD2d 939 [decided herewith]). (Appeal from Judgment of Niagara County Court, Fricano, J.—Criminal Possession Controlled Substance, 5th Degree.) Present— Green, J. P., Pine, Lawton, Callahan and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RANDALL, Appellant. [661 NYS2d 810] —Judgment unanimously affirmed. Memorandum: We conclude that County Court did not abuse its discretion in summarily denying defendant's *pro se* suppression motion made more than 45 days after defendant's arraignment (*see,* CPL 255.20 [1], [3]; 710.40 [1], [2]; *see, e.g., People v Jones,* 114 AD2d 974, *lv denied* 67 NY2d 653). We further conclude that defendant received effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 147; *People v Trait,* 139 AD2d 937, 938, *lv denied* 72 NY2d 867). Finally, defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminal Possession Weapon, 3rd Degree.) Present—Green, J. P., Pine, Lawton, Callahan and Fallon, JJ.