■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMEN VALEZ, Appellant. [682 NYS2d 162] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered February 8, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing her, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant's claims of prosecutorial misconduct in summation were not preserved for appellate review by defendant's belated motion for a mistrial made at the conclusion of summations (*People v Molina*, 242 AD2d 453, *lv denied* 91 NY2d 895), and we decline to review them in the interest of justice. Were we to review the comments in question, including the characterization of defendant as a "business person" involved in running a "business", we would find them properly responsive to defense arguments and constituted fair comment on the evidence presented within the broad bounds of rhetorical comment (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976).

Contrary to defendant's contention, the court did not charge the jury that the officer had identified defendant as the seller. The charge conveyed to the jury the proper standards (*People v Coleman*, 70 NY2d 817), and made it sufficiently clear that all factual issues relating to identification were questions for the jury to decide.

The readback of the arresting officer's testimony, in response to the jury's request, was meaningful under the circumstances. The court's interpretation of the jury note was logical, and, following the readback, the court instructed the jurors to inform it if they wished additional readback. Concur—Lerner, P. J., Sullivan, Milonas, Rosenberger and Ellerin, JJ.