■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO CARVALHO, Appellant. [682 NYS2d 745] —Judgment unanimously reversed on the law and new trial granted. Memorandum: We agree with defendant that reversal is required based on prosecutorial misconduct on summation (*see, People v Mott,* 94 AD2d 415, 418-419; *see generally, People v Galloway,* 54 NY2d 396). The prosecutor commented over 20 times during summation that the testimony of various prosecution witnesses was undisputed and uncontested. The objection of defense counsel on the ground that the comments violated defendant's right against self-incrimination was overruled, and the

prosecutor was permitted to state to the jury, "[W]hen I say undisputed, I mean there was no evidence to the contrary, it was uncontroverted. Okay? Nothing came in from that witness stand to contradict the things I'm telling you. And I know you will recall that." Those comments made throughout the prosecutor's summation placed an improper emphasis on defendant's decision not to testify. Because it cannot be said that there is no reasonable possibility that the offensive comments might have contributed to the conviction, we conclude that the error is not harmless and that reversal is required (*see, People v Crimmins,* 36 NY2d 230, 240-241).

Because reversal is required, we note additionally that County Court erred in *sua sponte* instructing the prospective jurors during voir dire regarding defendant's right not to testify and that no unfavorable inference is to be drawn therefrom (*cf.,* CPL 300.10 [2]). The court also erred in asking defense counsel in the jury's presence whether he wanted the court to give a no unfavorable inference charge.

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Oneida County Court, Mulroy, J.—Rape, 2nd Degree.) Present—Denman, P. J., Pine, Pigott, Jr., Balio and Fallon, JJ.