■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN WARRICK, Appellant. [690 NYS2d 194] —Judgment, Supreme Court, New York County (James Leff, J.), rendered February 14, 1996, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of 3 to 9 years, unanimously affirmed.

The challenged evidence concerning the complainant's background was properly admitted, because it was rendered relevant by themes developed by the defense through the course of the trial (*see, People v Melendez*, 55 NY2d 445), and was not unduly prejudicial.

Defendant's belated mistrial motion failed to preserve his present challenges to the People's summation and we decline to review them in the interest of justice. Were we to review

these claims, we would find that the challenged comments were generally responsive to issues raised during the trial, and that the comments could not have deprived defendant of a fair trial (*see, People v Overlee,* 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro,* 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

Defendant's right to cross-examine the complainant was not frustrated by the complainant's conduct on the witness stand or by any conduct by the court. Contrary to defendant's assertion, the record establishes that the court admonished the complainant to answer questions (*see, People v Collins,* 136 AD2d 720, *lv denied* 71 NY2d 894), and that the complainant's failure to answer, or to give responsive answers, to some of defendant's questions did not prevent defendant from fully covering all the subject matters he sought to explore (*see, People v Goodson,* 83 AD2d 885, *affd* 57 NY2d 828).

We have considered and rejected defendant's remaining claims. Concur—Williams, J. P., Rubin, Mazzarelli, Andrias and Buckley, JJ.