■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
MARC A. MADORE, Appellant. [735 NYS2d 320] —Judgment
unanimously affirmed. Memorandum: Defendant appeals from
a judgment convicting him after a jury trial of assault in the
first degree (Penal Law § 120.10 [1]). We reject the contention
of defendant that County Court erred in denying his motion to
suppress statements made upon his arrest. The police found
defendant hiding in the bushes while they were searching for
the person responsible for the assault, and their inquiries
concerned the identity of defendant and his reason for hiding.
Those inquiries were "designed to clarify the nature of the sit-
uation confronted, rather than to coerce a statement" (*People v
Huffman,* 41 NY2d 29, 34). Thus, *Miranda* warnings were not
required (*see, People v Walker,* 267 AD2d 778, 779-780, *lv
denied* 94 NY2d 926; *People v Albano,* 124 AD2d 739, *lv denied*
69 NY2d 824).

The belated mistrial motion by defendant did not preserve
for our review his contention that he was denied a fair trial by
a comment made by the prosecutor on summation (*see, People
v Warrick,* 261 AD2d 152; *People v Valez,* 256 AD2d 135, *lv
denied* 93 NY2d 879). In any event, the court's curative instruc-
tion was sufficient to cure any alleged error (*see, People v Jac-
quin,* 124 AD2d 594, 596, *affd* 71 NY2d 825; *People v Rolchigo,*
33 AD2d 1060, *affd* 28 NY2d 644; *People v Moore,* 114 AD2d
595, 596).

Finally, we reject defendant's contention concerning the se-
verity of the sentence. The court imposed the minimum

sentence authorized by statute (*see,* Penal Law § 70.06 [6] [a]) and, "[c]onsequently, the sentence cannot be considered unduly harsh or [severe]" (*People v Ricciardi,* 149 AD2d 742, 744; *see, People v Jones,* 95 AD2d 869, 870). (Appeal from Judgment of Niagara County Court, Broderick, Sr., J.—Assault, 1st Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Burns, JJ.