■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY SHABAZZ, Appellant. (Appeal No. 1.) [735 NYS2d 691] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of criminal possession of a weapon in the third degree (Penal Law § 265.02 [3], [4]). We conclude that County Court properly denied the motion of defendant to suppress evidence arising from the stop of his motor vehicle. Contrary to defendant's contention, the court properly relied upon evidence of radio transmissions in determining that the stop of defendant's vehicle by the police was lawful. The reliability of those transmissions was not challenged by defendant at the suppression hearing, and thus the People were not obligated "to establish that the officer or agency imparting the information, in

fact possessed the probable cause to act" (*People v Rosario*, 78 NY2d 583, 588, *cert denied* 502 US 1109; *see, People v Jenkins*, 47 NY2d 722, 724; *see also, People v Treadwell*, 206 AD2d 861, 862, *lv denied* 84 NY2d 1040; *People v McCloud*, 182 AD2d 835, 837, *lv denied* 80 NY2d 906). Contrary to the further contention of defendant, the reasonable suspicion justifying the stop of his motor vehicle thereafter ripened into probable cause to believe that he committed a crime, justifying the search of the vehicle for the gun used in that crime (*see, People v Langen*, 60 NY2d 170, 172, *cert denied* 465 US 1028; *People v Belton*, 55 NY2d 49, 55, *rearg denied* 56 NY2d 646).

Defendant further contends that at trial the court erred in admitting in evidence the tape recording of three 911 calls. We agree. Contrary to the court's determination, the 911 calls were "recalled or recast description[s] of events that were observed in the recent past" and thus the tape recording of those calls was not admissible under the present sense exception to the hearsay rule (*People v Vasquez,* 88 NY2d 561, 575). Nevertheless, the error is harmless because the evidence of defendant's guilt is overwhelming and there is no significant probability that defendant otherwise would have been acquitted (*see, People v Little*, 278 AD2d 863, *lv denied* 96 NY2d 802).

Defendant failed to object to the prosecutor's comments on summation and therefore failed to preserve for our review his contentions concerning those comments (*see*, CPL 470.05 [2]). Furthermore, defendant's belated motion for a mistrial is not sufficient to preserve one of those contentions (*see, People v Warrick*, 261 AD2d 152; *People v Valez*, 256 AD2d 135, *lv denied* 93 NY2d 879). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). Finally, the sentence is not unduly harsh or severe. (Appeal from Judgment of Erie County Court, DiTullio, J.—Criminal Possession Weapon, 3rd Degree.) Present—Pine, J. P., Wisner, Scudder, Kehoe and Gorski, JJ.