■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CUNNINGHAM, Appellant. [755 NYS2d 741] —Rose, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 24, 2002, upon a verdict convicting defendant of the crime of burglary in the second degree.

Defendant was charged by indictment with burglary in the first and second degrees based on allegations that on May 28, 1999, he forced his way into the apartment of Niroma Johnson and, in her presence, robbed Demond Bryant, the boyfriend of Johnson's daughter, Kia Walker, who was also present. Walker and Bryant gave statements to the police on the night of the incident, but left the area on the following day and were not available for trial. Johnson, however, did describe the incident at length in her trial testimony. County Court denied defendant's request for a missing witness charge concerning Walker and Bryant because it did not appear that they were under the People's control. During voir dire and the People's opening and closing statements, the prosecutor explained to the jurors that Walker and Bryant would not be offering testimony and reminded them of their obligation to reach a verdict based solely on the evidence presented. The prosecutor also made direct and indirect references to defendant's choice not to testify. Defendant was convicted on the second degree burglary charge, acquitted on the first degree burglary charge, and later sentenced, as a second felony offender, to a 15-year determinate term of imprisonment. Defendant now appeals.

Initially, while we agree that the prosecutor clearly violated defendant's right against self-incrimination by making comments regarding defendant's right not to testify (*see People v Mirenda*, 23 NY2d 439, 457; *People v Carvalho*, 256 AD2d 1223; *People v Moore*, 114 AD2d 595, 596), reversal does not automatically follow. In this case, after defense counsel objected to the prosecutor's comment, County Court directed the jurors to disregard it. This curative instruction was reiterated and amplified after the prosecutor made a similar reference in his summation. In addition, at defense counsel's request, County Court instructed the jurors that they were to draw no negative inferences from defendant's decision not to testify. We find these instructions a sufficient safeguard against the jury drawing an improper inference (*see People v Moore, supra* at 596). Moreover, as the evidence is overwhelming that defendant unlawfully entered a dwelling with the intent to commit a crime therein, we find the error to be harmless (*see People v Crimmins*, 36 NY2d 230, 240-241; *People v Patterson*, 83 AD2d 691, 692).

Next, we reject defendant's contention that County Court erred in denying his request for a missing witness charge. Such a charge should be given where one party demonstrates that the opposing party failed to produce a witness who is "knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him[;] and that the witness is available to such party" (*People v Gonzalez*, 68 NY2d 424, 427). A defendant requesting such a charge has the initial burden of establishing that the witness was under the People's control (*see People v Kilgore*, 254 AD2d 635, 638, *lv denied* 93 NY2d 875; *People v Townsley*, 240 AD2d 955, 958, *lv denied* 90 NY2d 943). Here, defendant did not show that Bryant or Walker were under the People's control (*see People v Ross*, 282 AD2d 929, 930, *lv denied* 96 NY2d 907). Instead, the record reflects that there was a pending arrest warrant for Bryant, who was likely evading capture, and that neither witness could be located at their last known out-of-state address.

Defendant also argues that the prosecutor's repeated references to the absence of Walker and Bryant were improper and undermined his right to a fair trial. It is significant, however, that defense counsel did not object to those references during trial, but rather argued that the absence of those witnesses should be viewed as favoring defendant. Thus, the issue is unpreserved for our review (*see* CPL 470.05 [2]). Defendant's

remaining contention as to the cumulative effect of the prosecutor's comments and the absence of a missing witness charge is also unpreserved and, in any event, without merit.

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.