■ The People of the State of New York, Respondent, v Edward Jenkins, Appellant. [754 NYS2d 796] —Appeal from a judgment of Supreme Court, Erie County (Rossetti, J.), entered September 29, 2000, convicting defendant after a jury trial of criminal possession of a controlled substance in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), defendant contends that Supreme Court erred in denying his motion to dismiss the indictment pursuant to CPL 30.30. We disagree. Pursuant to his authority, defense counsel made an express and unequivocal waiver of defendant's statutory right to a speedy trial, in particular, to the inclusion of a specified 90-day period (*see People v Trepasso,* 197 AD2d 891, *lv denied* 82 NY2d 854). In any event, "[i]n computing the time within which the people must be ready for trial * * *, the following periods must be excluded: * * * the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel" (30.30 [4] [b]). Here, the record establishes that what was contemplated by the court and attorneys was a continuance of proceedings for up to 90 days, beyond the date by which the People otherwise would have been obligated to declare their readiness on the record, in order to allow defendant to cooperate with authorities in their investigation and to pursue a favorable plea bargain based on such cooperation. A period of delay resulting from ongoing plea negotiations is excludable for the purpose of determining whether defendant has been deprived of the right to a speedy trial, provided that, as here, defendant or defense counsel requested or consented to such delay (*see People v Delvalle,* 265

AD2d 174, 175, *lv denied* 94 NY2d 879; *People v Henderson,* 248 AD2d 485, *lv denied* 92 NY2d 853; *People v Chu Zhu,* 245 AD2d 296; *People v Crogan,* 237 AD2d 745, *lv denied* 90 NY2d 857).

The further contention that defendant was deprived of a fair trial by prosecutorial misconduct on summation is not preserved for our review. A belated motion for a mistrial is insufficient to preserve that contention for our review (*see People v Madore,* 289 AD2d 986, *lv denied* 97 NY2d 757; *People v Warrick,* 261 AD2d 152). In any event, the prosecutor's comments, to the extent that they were improper and that the harm resulting therefrom was not alleviated by the court's curative instructions, were not so egregious as to deprive defendant of a fair trial (*see People v Crawford,* 299 AD2d 848; *People v Gagliardo,* 283 AD2d 964, *lv denied* 96 NY2d 901).

The court did not abuse its discretion in summarily denying defendant's suppression motion as untimely made (*see People v Adams,* 252 AD2d 980, *lv denied* 92 NY2d 947; *People v Randall,* 239 AD2d 940, *lv denied* 90 NY2d 909). The verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495), and the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Lawton, JJ.