■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY F. RONCHI, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was convicted of criminal sale of marihuana in the third degree (Penal Law § 221.45). The undercover investigator who purchased the marihuana testified that his confidential informant was present when the sale was made. The infor-

mant was not called as a witness. Defendant testified that he did not commit the crime, and he presented an alibi defense.

Defendant requested a "missing witness" charge concerning the failure of the People to call the informant. The court erroneously denied the request. Defendant established the existence of an available witness who was knowledgeable about a material issue in the case and who would be expected to provide noncumulative testimony favorable to the People *(see, People v Gonzalez,* 68 NY2d 424, 427). Since defendant's guilt was essentially dependent upon the testimony of a single witness, "the testimony of the only additional person who was present might have made the difference" *(People v Rodriguez,* 38 NY2d 95, 101). In such circumstances, it cannot be said that the testimony of the confidential informant would "necessarily be cumulative only or trivial" *(People v Brown,* 34 NY2d 658, 660; *see also, People v Dillard,* 96 AD2d 112, 115).

Since the evidence of defendant's guilt is not overwhelming, the error cannot be deemed harmless *(see, People v Crimmins,* 36 NY2d 230, 243) and a new trial is required. In view of this disposition, we need not reach defendant's remaining contentions. (Appeal from judgment of Yates County Court, Dugan, J.—criminal sale of marihuana, third degree.) Present—Dillon, P. J., Denman, Boomer, Green and Davis, JJ.