■ MAUREEN D. NOSKEWICZ, Individually and as Administratrix of the Estate of MARTIN E. NOSKEWICZ, Deceased, Plaintiff, v CITY OF NEW YORK et al., Defendants. (Action No. 1.) MYRTO J. BETETTA, Individually and as Administratrix of the Estate of JORGE R. BETETTA, Deceased, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. (Action No. 2.) LISELOTTE BETETTA, an Infant, by Her Guardian ad Litem, BJORN JUHLIN, Plaintiff, v CITY OF NEW YORK et al., Defendants. (Action No. 3.)—In consolidated actions to recover damages for wrongful death and personal injuries, etc., the plaintiff in action No. 2 appeals from so much of a judgment of the Supreme Court, Queens County (Levine, J.), dated September 3, 1987, as, upon a jury verdict, is in favor of the defendant City of New York and against her.

Ordered that the judgment is reversed insofar as appealed from, on the law, and a new trial is granted in action No. 2 between the plaintiff and the defendant City of New York, with costs to abide the event.

The appellant's husband was killed when the vehicle that he was operating crossed into an oncoming traffic lane and collided with another vehicle. At trial, this plaintiff sought to establish that the proximate cause of the accident was the failure of the defendant City of New York to maintain the roadway in a safe condition. In its charge, the court instructed the jury that, in determining whether the city should have reasonably anticipated that the roadway was dangerous, "if you find that it had been in daily use for a period of time and that its condition during such use was substantially the same as on the day of the accident, and that during such use there was no other accident you *will* find that danger was not reasonably to be anticipated and your verdict *must* be for the defendant" (emphasis supplied). The jury's verdict exonerated the city of any liability for the accident. The city concedes that this portion of the charge was erroneous. Evidence of the absence of prior accidents is not conclusive on the issue of whether a dangerous condition exists but is only one factor to be considered *(see, Orlick v Granit Hotel & Country Club,* 30 NY2d 246; *Kelly v Town of Islip,* 141 AD2d 611). The city also concedes, and we so find, that, on this record, the error cannot be considered harmless, and a new trial is required.

Since there must be a new trial, we have considered the appellant's contention that the court erred by admitting into

evidence a prior inconsistent statement which was made by a witness to a police officer over the telephone shortly after the accident. The statement was not rendered inadmissible simply because the police officer was unable to identify the witness's voice. The identity of a party to a telephone conversation can be proven by circumstantial evidence, and here the substance of the conversation served to confirm the witness's identity *(see, People v Lynes,* 49 NY2d 286; Richardson, Evidence § 364 [Prince 10th ed]). Provided a proper foundation is laid, the witness's prior oral statements to the officer are admissible for the sole purpose of impeaching his credibility *(see, Larkin v Nassau Elec. R. R. Co.,* 205 NY 267; *Donohue v Losito,* 141 AD2d 691). Brown, J. P., Lawrence, Eiber and Spatt, JJ., concur.