██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IOLA CRAWFORD, Appellant.—Judgment unanimously affirmed. Memorandum: From our review of the record of the suppression hearing, we conclude that the police had probable cause to believe that defendant was implicated in a homicide and thus conclude that her warrantless arrest was justified *(see, People v Carrasquillo,* 54 NY2d 248, 254; *People v LeGrand,* 142 AD2d 977, *lv denied* 73 NY2d 893). Probable cause was established by the sworn statements provided by citizen infor-

mants, along with other incriminating evidence uncovered during the police investigation. Since the statements were from citizen informants, they were properly considered by the suppression court without the necessity of an independent showing of reliability *(see, People v Hicks,* 38 NY2d 90, 93-94; *People v Cantre,* 95 AD2d 522, 526, *affd* 65 NY2d 790, 792). Contrary to defendant's argument, the *Aguilar-Spinelli* standard is not applicable because these statements were based on personal observations or conversations with defendant or codefendants *(see, People v Bartolomeo,* 53 NY2d 225, 234; *People v Meranto,* 86 AD2d 776). The fact that the People redacted the names of the individuals from copies of the statements provided to defense counsel is irrelevant on the issue of probable cause. Additionally, defendant has no absolute right to disclosure of the identities of the informants *(see, People v Peterson,* 159 AD2d 983; *People v Diaz,* 147 AD2d 912, *lv denied* 73 NY2d 1014; *People v Delgado,* 134 AD2d 951, *lv denied* 71 NY2d 895) and, since defendant failed to allege any prejudice by this nondisclosure, we conclude that Supreme Court did not abuse its discretion in refusing to disclose the informants' identities at the suppression hearing *(see, People v Huggins,* 36 NY2d 827, 828; *People v Goggins,* 34 NY2d 163, *cert denied* 419 US 1012; *People v Cerrato,* 24 NY2d 1, 6-7, *cert denied* 397 US 940; *People v Malinsky,* 15 NY2d 86, 92). (Appeal from judgment of Supreme Court, Cattaraugus County, Marshall, J. —murder, second degree.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.