■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME E. SHAPIRO, Appellant. [643 NYS2d 143] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered June 6, 1995, convicting him of attempted insurance fraud in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evi-

dence is not preserved for appellate review. In any event, viewing the evidence adduced at trial in the light most favorable to the prosecution (see, *People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]). Here, the jury heard audiotaped recordings of conversations between the defendant, who was an attorney, and a chiropractor who had been working with him, in which the defendant repeatedly urged the chiropractor to sign an affidavit indicating that the defendant's client had suffered permanent injuries because that was what the defendant needed to show to meet the no-fault insurance threshold.

The court's denial of the defendant's application to recall the police detectives who testified for the People was a proper exercise of discretion, since the testimony that the defendant was seeking to elicit was hearsay and in any event related to collateral matters (see, *Feldsberg v Nitschke,* 49 NY2d 636, 643-644; *People v Israel,* 161 AD2d 730, 731-732).

The court properly permitted the insurance company claims examiner to testify regarding her conversations with the defendant. The identity of a party to a telephone conversation may be proven by circumstantial evidence where, as here, there are alternative indicia of reliability in the surrounding facts and circumstances, such as the substance of the conversation confirming the identity of the party (see, *People v Lynes,* 49 NY2d 286, 291-292; *Noskewicz v City of New York,* 155 AD2d 646, 647). It was for the jury to determine, aided by cross-examination, counsel's arguments and other fact-finding tools available to them, whether the speaker was sufficiently identified (see, *People v Lynes, supra,* at 293).

The defendant's claims of prosecutorial misconduct are for the most part unpreserved for appellate review (see, CPL 470.05 [2]; *People v Medina,* 53 NY2d 951, 953), and, in any event, are without merit, since the challenged remarks were fair comment on the evidence presented at trial (see, *People v Galloway,* 54 NY2d 396; *People v Ashwal,* 39 NY2d 105).

The pretrial amendment of the indictment to conform it to the evidence before the Grand Jury did not change the theory of the case, nor did it tend to prejudice the defendant on the merits (see, CPL 200.70; *People v Petterson,* 103 AD2d 811, 812; *People v Murray,* 92 AD2d 617, 618).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Sullivan, Santucci and Altman, JJ., concur.