■ JANINE VINCIGUERRA, Appellant, v OTIS ELEVATOR COMPANY, INC., Respondent. (And a Third-Party Action.) [678 NYS2d 670] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of a judgment of the Supreme Court, Kings County (Held, J.), entered May 28, 1997, as, upon the granting of the defendant's oral motions to preclude certain testimony and to dismiss the complaint, dismissed the complaint. The plaintiff's notice of appeal from a decision of the same court, dated April 7, 1997, is deemed to be a notice of appeal from the judgment (*see, CPLR 5520 [c]).

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the defendant's motions to preclude and to dismiss the complaint are denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for trial.

The court erred in precluding the plaintiff from testifying about two telephone conversations she allegedly had with one of the defendant's employees. While the plaintiff could not rec-

ognize the speaker's voice, the identity of a party to a telephone conversation may be proven by circumstantial evidence (*see, People v Lynes,* 49 NY2d 286, 291-292; *People v Shapiro,* 227 AD2d 506). Here, there was sufficient evidence from which a jury could infer that the speaker was, in fact, the defendant's employee (*see, People v Lynes, supra,* at 292-293). Consequently, the identity of the speaker was an issue for the jury's determination. Mangano, P. J., Rosenblatt, Ritter and Altman, JJ., concur.