■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE VANHOESEN, Also Known as HOMIE, Appellant. [819 NYS2d 319]—

Kane, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered April 2, 2004, upon a verdict convicting defendant of the crimes of attempted crimi-

nal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree (two counts).

Police officers supervised a confidential informant who contacted a drug supplier and arranged to purchase crack cocaine. Defendant arrived at the prearranged location in a vehicle matching the description given by the informant. When police officers approached defendant's vehicle to arrest him, he backed down an alley, hit a police vehicle, then sped away. During the ensuing car chase, he dropped pieces of crack cocaine out of the driver's side window of his vehicle. Police eventually pulled him over and arrested him. A jury convicted defendant of attempted criminal sale of a controlled substance in the second degree and two counts of criminal possession of a controlled substance in the third degree, but acquitted him of reckless endangerment. Defendant appeals.

County Court properly denied defendant's suppression motion. Contrary to defendant's argument, the two-prong *Aguilar-Spinelli* test is inapplicable here. Although a confidential informant provided information which initially led police to target defendant, an officer listened in on each conversation between the informant and his supplier and saw defendant arrive in his vehicle at the appointed time and place. As the police developed probable cause based on the personal knowledge and firsthand observations of an officer, there was no need to resort to the *Aguilar-Spinelli* test to weigh the informant's information (*see People v Bartolomeo*, 53 NY2d 225, 234 [1981]; *see also People v Doyle*, 222 AD2d 875, 875 [1995], *lv denied* 88 NY2d 878 [1996]; *People v Crawford*, 162 AD2d 1028, 1029 [1990], *lv denied* 76 NY2d 854 [1990]). In any event, regardless of whether police had probable cause to arrest defendant on drug-related charges or even approach him on that basis, they had probable cause to stop and arrest him after he backed into a police vehicle then fled the scene of the accident, as these actions constituted crimes committed in the presence of police officers (*see People v Smith*, 235 AD2d 639, 640 [1997], *lv denied* 89 NY2d 1041 [1997]; *People v Manning*, 199 AD2d 621, 621-622 [1993], *lv denied* 83 NY2d 855 [1994]; *see e.g.* Penal Law § 145.00 [3] [criminal mischief]; § 145.25 [reckless endangerment of property]; Vehicle and Traffic Law § 1212 [reckless driving]; *see also* Vehicle and Traffic Law § 600 [leaving scene of accident]). Thus, the police had probable cause to follow, stop and arrest defendant, requiring denial of his suppression motion.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence. Defendant's main

challenge in this regard is that the evidence did not connect him to the cocaine found by police officers in the road along the route that he took when fleeing the police, and the remaining cocaine weighed less than the one-half ounce required for two of the three counts (*see* Penal Law § 220.16 [12]; § 220.41 [1]). The evidence established that defendant was at the designated location to sell one-half ounce of cocaine, the pursuing officers saw him throw at least one baggie out his driver's side window, two baggies of cocaine weighing more than 2.92 grams were recovered in the road near the spot where this was observed, and a clean large rock of cocaine weighing approximately 19.77 grams was recovered from another spot along defendant's route a short time after the chase. This cocaine, in aggregate, weighed over one-half ounce. Additionally, crumbs of cocaine were present on defendant's lap and on his vehicle's seat, floorboards, driver's door and the window ledge of the driver's door. Police recovered from defendant or his vehicle the beeper that was paged by the informant, a cell phone which had called the informant's phone twice that afternoon and a large amount of cash. The officer who observed the phone calls by and to the informant and listened in on those conversations testified about and explained them. This evidence created a valid line of reasoning and permissible inferences rationally leading to the conclusion reached by the jury (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Cooper*, 303 AD2d 776, 778-779 [2003], *lv denied* 100 NY2d 560 [2003]). Although the informant did not testify, and despite defendant's testimony explaining his presence at the location and why he fled, the jury's verdict was not against the weight of the evidence.

Although the evidence was legally sufficient, reversal is required because County Court erred in admitting the audiotape of the phone calls arranging the drug transaction. The People offered the tape not only as proof of the content of the conversations between defendant and the informant, but also to prove that defendant was the speaker.[1] The foundational requirements for admission of a recorded conversation include proof of both the authenticity of the tape and the identity of the speakers on the tape (*see People v Ely*, 68 NY2d 520, 528 [1986]; *People v Bell*, 5 AD3d 858, 861 [2004]). Defendant only contested the lack of identification. The informant did not testify and the offi-

---

1. While the identification of the person speaking to the informant would have been irrelevant, as defendant would be equally guilty if he was selling cocaine as an agent for the person speaking in the phone calls, the identification was important here because the People specifically argued that defendant was the speaker.

cer who listened in on the conversations could not identify defendant as a speaker (*compare People v Rendon*, 273 AD2d 616, 618 [2000], *lv denied* 95 NY2d 968 [2000]). Additionally, the informant called a person he knew as "Homie" and no one testified that defendant was ever known by that street name. While a speaker's identity may be proven through circumstances surrounding the recorded conversation, which must include sufficient indica of reliability (*see People v Mason*, 281 AD2d 893, 893 [2001], *lv denied* 96 NY2d 904 [2001]; *People v Shapiro*, 227 AD2d 506, 507 [1996], *lv denied* 88 NY2d 1024 [1996]), such circumstances are not present here. Without proof that defendant was the speaker, admission of the tape invited speculation that the unidentified voice was defendant. Because the proof, without the tape, was not overwhelming with respect to the one-half ounce of cocaine found on the road, we cannot deem the erroneous admission harmless and must reverse (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Reversal is also required because the detective introduced hearsay testimony when he testified as to the drug-related meanings of terms and actions. The detective preliminarily testified that the informant provided a pager number and identified it as belonging to a "supplier." Not only was this hearsay, but it created an impression that defendant was regularly involved in the drug trade and had a propensity to commit the charged crimes, without submitting such allegations to a *Molineux* review. The detective testified that he punched 800 into the informant's cell phone as the message sent to the supplier's beeper and that, based in part on his investigation in this case, this meant that he was attempting to arrange for a purchase of one ounce of cocaine. He further testified regarding the meaning of the phrase "75 short" used in one phone call. County Court permitted this testimony, over defense objections, after inquiring about the detective's general experience in narcotics investigations.

More information was required to establish a basis for the detective's specialized knowledge regarding how most drug transactions occur (*see People v Bethea*, 261 AD2d 629, 630-631 [1999], *lv denied* 93 NY2d 1014 [1999]; *People v Colon*, 238 AD2d 18, 20 [1997], *appeal dismissed* 92 NY2d 909 [1998]; *see also People v Brown*, 97 NY2d 500, 506-507 [2002]). If most drug sales are not arranged by punching in the amount requested as a beeper message, then this information was acquired as a result of the detective's investigation, presumably hearsay obtained from the informant. Either way, no foundation for this testimony was introduced. The need for such a founda-

tion was heightened here, as the detective's trial testimony on the meaning of some terms differed from his pretrial hearing testimony. The testimony regarding the 800 code was vital in establishing that defendant was arranging a sale of one ounce of cocaine, as that information circumstantially tied defendant to the cocaine found along the street to establish the requisite weight to sustain the higher counts.[2] Accordingly, the introduction of this opinion testimony, without any foundation, was not harmless.

Defendant may have been entitled to a missing witness charge due to the People's failure to call the informant as a witness. Such a charge should be given where a defendant demonstrates that the People failed to produce a witness who has knowledge about a material issue in the case, is available to be called into court and is under the control of the People such that he or she would naturally be expected to provide noncumulative testimony favorable to the prosecution (*see People v Gonzalez*, 68 NY2d 424, 427 [1986]; *People v Cunningham*, 301 AD2d 955, 956 [2003], *lv denied* 99 NY2d 653 [2003]; *People v Ronchi*, 154 AD2d 891, 892 [1989]; *People v Douglas*, 54 AD2d 515, 516 [1976]). There is no question that the informant possessed material information regarding the transaction at issue and was available to be produced from prison to testify. Defendant met his burden of showing that the informant was under the People's control, as he received consideration for his cooperation in this drug transaction. In response, the People merely stated that the informant would not be produced because he was "not happy" and "won't cooperate at this point." County Court did not require further proof or information. While these broad statements were insufficient to meet the People's burden of proving that the informant was not under their control (*see People v Smith*, 225 AD2d 1030, 1031 [1996]; *People v Ronchi, supra* at 892; *People v Douglas, supra* at 516), they should be provided an opportunity to present such information at the new trial.

Having reviewed in camera the subpoenaed personnel records of a testifying officer, we agree with County Court's determination that those records are not relevant to this case and should not be made available to defense counsel (*see* Civil Rights Law § 50-a [3]). Based on our reversal, we need not address defendant's remaining contentions.

Mercure, J.P., Crew III, Spain and Mugglin, JJ., concur.

---

**2.** The police did not observe the 19.77 gram piece of cocaine being thrown from defendant's vehicle and that piece was located 15 minutes after the chase ended, on a public roadway in a neighborhood noted for drug activity.

Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for a new trial.