THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAUQERE FLAGG, Appellant. [872 NYS2d 356]—Appeal from a judg-

ment of the Onondaga County Court (Joseph E. Fahey, J.), rendered April 6, 2006. The judgment convicted defendant, upon a jury verdict, of assault in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him as a juvenile offender upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, [we] must give '[g]reat deference . . . [to the] fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor' " (*People v Harris*, 15 AD3d 966, 967 [2005], *lv denied* 4 NY3d 831 [2005], quoting *Bleakley*, 69 NY2d at 495). It was for the jury to determine whether to credit the victim's testimony, and we see no reason to disturb the jury's credibility determination (*see id.*). The sentence is not unduly harsh or severe. We note, however, that the certificate of conviction incorrectly reflects that defendant was sentenced to an indeterminate term of incarceration of $3^1/2$ to 10 years, and it must therefore be amended to reflect that he was sentenced to an indeterminate term of incarceration of $3^1/3$ to 10 years (*see generally People v Saxton*, 32 AD3d 1286 [2006]). Present—Hurlbutt, J.P., Martoche, Smith, Centra and Peradotto, JJ.