■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMIAN J. MATEO, Appellant. [909 NYS2d 266]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered April 15, 2005. The judgment convicted defendant, upon a jury verdict, of assault in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]). The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]) is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). As defendant correctly concedes, the People presented legally sufficient evidence establishing that his pit bull terrier constituted a dangerous instrument within the meaning of Penal Law § 10.00 (13) (*see People v Garraway*, 187 AD2d 761, 761-762 [1992], *lv denied* 81 NY2d 886 [1993]), and that the pit bull caused the victim to sustain serious physical injury, here, "serious and protracted disfigurement," within the meaning of Penal Law § 10.00 (10) (*see People v Whyte*, 47 AD3d 852, 853-854 [2008]; *People v Walos*, 229 AD2d 953 [1996]). Defendant contends, however, that the evidence is legally insufficient to establish that he intended to cause such injury. We reject that contention (*see People v Truesdale*, 186 AD2d 496 [1992], *lv denied* 81 NY2d 766 [1992]). In addition, viewing the evidence in light of the elements of the crime of assault as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). "Where, as here, witness credibility

is of paramount importance to the determination of guilt or innocence, [we] must give '[g]reat deference . . . [to the] factfinder's opportunity to view the witnesses, hear the testimony and observe demeanor' " (*People v Harris*, 15 AD3d 966, 967 [2005], *lv denied* 4 NY3d 831 [2005], quoting *Bleakley*, 69 NY2d at 495). We see no reason to disturb the jury's determination to credit the testimony of the victim in this case (*see People v Flagg*, 59 AD3d 1003 [2009], *lv denied* 12 NY3d 853 [2009]). Finally, the sentence is not unduly harsh or severe. Present—Martoche, J.P., Carni, Green, Pine and Gorski, JJ.