(January 13, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE IVERY, Appellant. [914 NYS2d 419]—

Malone Jr., J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered April 17, 2008, upon a verdict convicting defendant of the crimes of grand larceny in the fourth degree and petit larceny.

As a result of the theft of a casino card from Nancy McSorley and a credit card from Ronnie Muscio while those individuals were shopping in a grocery store, defendant and his wife, Francis Davis-Ivery, were indicted on various charges, and defendant was ultimately convicted of grand larceny in the fourth degree and petit larceny. Defendant contends that his convictions are against the weight of the evidence.* To that end, where, as here, a different verdict would not have been unreasonable, we must " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]).

Initially, while defendant is correct that there was no direct evidence that defendant actually stole either item, we note that the People were required to demonstrate only that defendant acted as an accomplice to Davis-Ivery (*see* Penal Law §§ 20.00, 155.25, 155.30 [4]). In that regard, the People introduced videotape surveillance footage that showed that defendant was standing next to Davis-Ivery when she removed an item that appears to be a wallet from Muscio's purse and which later depicted defendant helping his wife when she later replaced the item in Muscio's purse. The grocery store's security manager testified that he observed the events depicted on the videotape and confronted defendant and Davis-Ivery, who pushed past him. A police officer testified that, when questioned after his apprehension, defendant denied knowing Davis-Ivery, and another officer testified that defendant attempted to negotiate

---

* To the extent that defendant also claims that the convictions are not supported by legally sufficient evidence, such claim was not properly preserved for appellate review. Nonetheless, we necessarily evaluate the sufficiency of the evidence regarding each element of the crimes charged as part of the weight of the evidence review (*see People v Brisson*, 68 AD3d 1544, 1546 [2009], *lv denied* 14 NY3d 798 [2010]).

concerning the crimes with which he was going to be charged and to coach Davis-Ivery as to what to say during her interview. Finally, the evidence showed that defendant was standing next to Davis-Ivery when she "moved" into McSorley several times in an aisle and reached toward her each time, and McSorley's casino card was ultimately found in defendant's possession. Viewing this evidence in a neutral light, and according deference to the jury's credibility determinations, we find that the verdict is supported by the weight of the evidence (*see People v Bleakley*, 69 NY2d at 495).

Defendant's remaining contentions are likewise without merit. Because the People offered both direct and circumstantial evidence of defendant's guilt, County Court properly administered to the jury a partial circumstantial evidence charge with respect to the fourth degree grand larceny count (*see People v Daddona*, 81 NY2d 990, 992 [1993]; *People v Varmette*, 70 AD3d 1167, 1171 [2010], *lv denied* 14 NY3d 845 [2010]). Finally, defendant alleges that he received ineffective assistance of standby counsel because counsel did not call Davis-Ivery as a witness or interject during the jury charge conference. The record reflects that defendant was assigned substitute counsel after he complained about the services of his first assigned counsel; he then complained about the services of the substitute counsel. When County Court refused to assign a third attorney to him, defendant chose to proceed pro se. The court instructed assigned counsel to remain as standby counsel to provide defendant with "legal advice as to how to frame motions and frame questions and give him procedural advice as to how the trial [would] proceed." Having elected to proceed pro se, defendant waived his constitutional right to have counsel conduct the trial on his behalf and he may not now argue that his standby counsel was ineffective by failing to mount a defense and negotiate the jury charges (*see People v Brockenshire*, 245 AD2d 1065, 1066 [1997], *lv denied* 91 NY2d 940 [1998]; *see generally People v Rodriguez*, 95 NY2d 497, 501-502 [2000]).

Cardona, P.J., Mercure, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.

