■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RIKKI D. SPENCER, Appellant. [932 NYS2d 233]—

Garry, J.

In December 2009, two loss prevention officers employed at a department store in the Town of Horseheads, Chemung County watched defendant and his girlfriend as they shopped. The officers later testified that they saw defendant and the girlfriend take items of merchandise from store shelves, which the girlfriend then concealed in a stroller that she was pushing. After leaving the store without paying for the merchandise, the couple was stopped in the parking lot. Over 50 items, with a combined value of approximately $1,590, were found in the stroller. Defendant was indicted on one count of grand larceny in the fourth degree, convicted as charged by a jury, and sentenced as a second felony offender to a prison term of 2 to 4 years. He appeals.

Defendant first contends that his conviction was against the weight of the evidence. Where, as here, an acquittal would not

have been unreasonable, this Court must view the evidence in a neutral light and " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]; *accord People v Ivery*, 80 AD3d 874, 874 [2011], *lv denied* 16 NY3d 832 [2011]). The loss officers testified, among other things, that they followed the couple throughout the store and saw defendant hand various items to the girlfriend, which she then placed out of sight in the stroller. They further testified that defendant scanned the store as if acting as a lookout and watched the girlfriend as she took additional items from the shelves and placed them inside and under the stroller. When confronted by the officers, defendant initially denied that he was involved in the theft, but later allegedly admitted involvement and signed an acknowledgment of guilt. Defendant testified to the contrary, stating that he did not know that the girlfriend either stole or intended to steal any merchandise, that he did not notice what she was doing because he was talking on his cell phone, and that he asked her before they left the store whether she needed to pay for anything and she indicated that she did not. He denied having admitted any involvement, and testified that he signed the acknowledgment only because the officers forced him to do so.[1] The girlfriend corroborated this testimony, stating that she stole the merchandise without defendant's knowledge or assistance and that he did not want to sign the acknowledgment. The conflicting testimony presented a "classic credibility issue" to be resolved by the jury (*People v Allen*, 13 AD3d 892, 894 [2004], *lv denied* 4 NY3d 883 [2005]; *accord People v Moyer*, 75 AD3d 1004, 1006 [2010]), and it evidently did so in the People's favor. Further, despite defendant's contention that the People did not prove that he stole merchandise valued over $1,000, the jury was entitled to credit the testimony of one of the loss prevention officers that the value of the items found in the stroller was determined by scanning them and comparing them to other similar items, and that their aggregate value would have exceeded $1,000 even if they were all on sale (*see* Penal Law § 155.30 [1]). Thus, deferring to the factfinder's superior opportunity to assess credibility, we find the verdict supported by the weight of the evidence (*see People v Ivery*, 80 AD3d at 874-875; *People v Brown*, 77 AD3d 1186, 1187 [2010]).

---

1. Defendant testified that he wrote the phrase "UCC 1-207" beside his signature because he believed that doing so reserved his right to challenge the acknowledgment.

Next, County Court properly denied defendant's request to instruct the jury that penal statutes are to be strictly construed, as construction of a statute is a question of law to be resolved by the court and not by the jury (*see Bush v Delaware, Lackawanna & W. R.R. Co.*, 166 NY 210, 226 [1901]; McKinney's Cons Laws of NY, Book 1, Statutes § 77; 97 NY Jur 2d, Statutes § 99; *see also Litts v Best Kingston Gen. Rental*, 7 AD3d 949, 953 n 3 [2004]).[2] The jury was properly instructed that defendant bore no burden and that the People had the burden of proving his guilt beyond a reasonable doubt (*see People v Antommarchi*, 80 NY2d 247, 252-253 [1992]; *People v Walrad*, 22 AD3d 883 [2005]). Regarding defendant's contention that the prosecutor misrepresented the evidence during summation, this claim is unpreserved (*see People v Romero*, 7 NY3d 911, 912 [2006]) and, in any event, unfounded.

Finally, defendant asserts that his sentence is harsh and excessive because it is allegedly longer than that received by his girlfriend, who was, in his view, the more culpable participant. The record does not reveal the sentence imposed upon the girlfriend, whose case was separately resolved. In any event, in view of defendant's criminal history and failure to accept responsibility for his actions, we perceive no extraordinary circumstances or abuse of discretion warranting modification (*see People v Elliot*, 57 AD3d 1095, 1097 [2008], *lv denied* 12 NY3d 783 [2009]; *People v Carelli*, 41 AD3d 1092, 1093 [2007]).

Spain, J.P., Rose, Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

---

**2.** Further, the general rule requiring strict construction of penal statutes (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 271) "does not apply to [the Penal Law]," which must instead "be construed according to the fair import of [its] terms to promote justice and effect the objects of the law" (Penal Law § 5.00; *see People v Ditta*, 52 NY2d 657, 660 [1981]; McKinney's Cons Laws of NY, Book 1, Statutes § 276).