■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY C. WINGO, Appellant. [962 NYS2d 422]—

McCarthy, J. Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered January 31, 2011, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

After a confidential informant (hereinafter CI) purchased cocaine from defendant, he was charged with and convicted of criminal sale of a controlled substance in the third degree. County Court imposed a sentence of four years in prison followed by one year of postrelease supervision, plus a $5,000 fine and $50 restitution. Defendant appeals.

Defendant contends that his conviction is not supported by legally sufficient evidence and is against the weight of the evidence. Initially, we note that defendant failed to preserve his legal sufficiency argument by moving to dismiss at the close of the People's proof, but our review of the weight of the evidence necessarily includes our verification that the elements of the crime were established (*see People v Harvey*, 96 AD3d 1098, 1099 n [2012], *lv denied* 20 NY3d 933 [2012]). The CI testified that she made a telephone call to arrange to buy drugs, went to an apartment known for drug sales, gave defendant $50 and he gave her cocaine. A scientist testified that the substance did,

indeed, contain cocaine. Portions of the CI's testimony were inconsistent with her own testimony, her prior grand jury testimony or the testimony of the detective who supervised the drug buy. Additionally, the CI was a drug addict, possibly used drugs on the day of the buy, had a long criminal record, was working with the police to reduce criminal charges pending against her and had nine pending charges at the time of her testimony. These circumstances do not render her testimony incredible as a matter of law. Because the jury was aware of these circumstances when assessing the CI's credibility, and obviously believed her testimony that she purchased the cocaine from defendant, we will not intrude on the jury's findings (*see People v Miles*, 61 AD3d 1118, 1120 [2009], *lv denied* 12 NY3d 918 [2009]). Therefore, the verdict is not against the weight of the evidence.

County Court's imposition of a $5,000 fine was proper. Defendant failed to preserve any challenge to the fine, as he did not object to its imposition at sentencing (*see People v Carrillo*, 257 AD2d 780, 783 [1999], *lv denied* 93 NY2d 967 [1999]). In any event, the court was not required to make specific findings as they are only necessary when the fine is based on any profit or gain that the defendant realized from the commission of the crime (*see* Penal Law § 80.00 [3]; *People v Carrillo*, 257 AD2d at 783), which was not the basis here.

Defendant received the effective assistance of counsel. While counsel did not move to dismiss at the close of the People's case or object to the fine at sentencing, defendant was not prejudiced because the motion and objection would not have been successful. Counsel did not file a pretrial motion to exclude prior immoral and uncharged criminal acts of defendant, but such evidence was either admissible to provide background information concerning the relationship between the witnesses and defendant or was elicited by defense counsel. Defendant now claims that counsel was ineffective for eliciting this information from the detective, but the questions that counsel asked appear to be part of a reasonable strategy and only inadvertently elicited the detective's negative responses about defendant, such as that he was a known drug dealer. Viewing the trial overall, counsel effectively attacked the witnesses' credibility and advanced a legitimate defense strategy, thereby providing meaningful representation (*see People v Alsaifullah*, 96 AD3d 1103, 1105 [2012], *lv denied* 19 NY3d 994 [2012]; *People v Bruno*, 63 AD3d 1297, 1298-1299 [2009], *lv denied* 13 NY3d 858 [2009]).

Rose, J.P., Spain and Stein, JJ., concur. Ordered that the judgment is affirmed.