■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH W. HENEHAN, JR., Appellant. [976 NYS2d 269]—

McCarthy, J. Appeal from a judgment of the County Court of Broome County (Lehmann, J.), rendered February 24, 2011, upon a verdict convicting defendant of the crime of endangering the welfare of a child.

In December 2008, the then-16-year-old victim attended an underage drinking party. During the course of the party, the victim consumed approximately 10 cans of beer and began vomiting. Defendant, who was a roommate of the men throwing the party, helped clean up the mess and assisted the victim upstairs to his bedroom so she could lie down. According to the victim, defendant told her that he was going to lie down next to her on the bed to "keep [her] company," however, when she woke up later that night, her pajama pants and underwear were pulled down to her knees and defendant was lying behind her on his side, thrusting his penis into her anus. The victim indicated that she tried to turn around, but felt weak and soon fell back asleep. She testified that when she woke up the next morning, defendant was still in bed with her and, when he tried to put his hands down the front of her pajama pants, she told him "no." The victim left with her friends and reported the incident later that day.

Defendant was arrested and an indictment was handed up charging him with, as relevant here, criminal sexual act in the first degree and endangering the welfare of a child.[1] Following a jury trial, defendant was acquitted of criminal sexual act in the first degree and the lesser included offense of attempted criminal sexual act in the first degree, but convicted of endangering the welfare of a child. County Court denied defendant's CPL 330.30 motion to set aside the verdict, and sentenced defendant to 60 days in jail and three years of probation. This appeal ensued.

Initially, we are unpersuaded by defendant's claim that his CPL 330.30 motion to set aside the verdict was improperly denied. To the extent that it challenged the weight of the evidence, that issue is not a proper basis for a CPL 330.30 motion (see People v Carter, 63 NY2d 530, 536 [1984]; People v Bridges, 16 AD3d 911, 913 [2005], lv denied 4 NY3d 884 [2005]). The motion was also properly denied with respect to defendant's argument that the jury's verdict is repugnant, because a repugnancy claim is untimely if raised after the jury is discharged (see People v McCottery, 90 AD3d 1323, 1326 [2011], lv denied 19 NY3d 975 [2012]; People v Smith, 89 AD3d 1126, 1131-1132 [2011], lv denied 18 NY3d 962 [2012]).[2]

The evidence was legally sufficient to support the count of endangering the welfare of a child. The victim, who was 16 years old at the time of the incident, testified that defendant subjected her to anal sexual conduct.[3] Witnesses confirmed that the victim was in bed with defendant all night behind the closed door of his bedroom and DNA testing established that defendant's DNA, mixed with the DNA of the victim and another unknown contributor, was present in the victim's underwear. This evidence was legally sufficient to establish that defendant exposed the victim to sexual conduct, such that he knowingly

---

1. A count in the indictment charging defendant with unlawfully dealing with a child in the first degree was dismissed prior to trial.

2. Although County Court indicated in its decision denying the CPL 330.30 motion that defendant's repugnancy challenge was untimely, it also speculated, in dicta, that the jury might have found defendant guilty of endangering the welfare of the child based upon the victim's claim that he put his hand down the front of her pajama pants the morning after the party. Our review of the evidence and the court's ruling and jury instructions confirms, however, that this theory was not pursued at trial and the endangering the welfare of a child count was premised solely upon the victim's allegation of anal sexual conduct.

3. As previously noted (see n 2, supra), inasmuch as the People did not rely on the alleged touching on the morning after the party as the basis for the endangering the welfare of a child count, we disagree with defendant's claim that proof of "sexual contact" (Penal Law § 130.00 [3]) in connection with that alleged occurrence is necessary to sustain defendant's conviction.

"act[ed] in a manner likely to be injurious to the physical, mental, or moral welfare" of the underage victim (Penal Law § 260.10 [1]).

In a weight of the evidence review, this Court will view the evidence "in a neutral light," with deference to the jury's credibility assessments (*People v Ivery*, 80 AD3d 874, 875 [2011], *lv denied* 16 NY3d 832 [2011]), and, "[i]f based on all the credible evidence a different finding would not have been unreasonable, [we] must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]; *see People v Spencer*, 89 AD3d 1156, 1156-1157 [2011]). Defendant asserts that the jury did not find the victim's testimony credible, considering the acquittal on the criminal sexual act count. Because the only proof of anal sexual conduct was the victim's testimony, defendant asserts that there is no credible proof to support the charge of endangering the welfare of a child. We disagree. Defendant was charged with criminal sexual act in the first degree pursuant to a subdivision that required proof that, among other things, the victim was "incapable of consent by reason of being physically helpless" (Penal Law § 130.50 [2]). The jury could have discounted the proof of physical helplessness, which was sharply contested at trial, while still finding that the anal sexual conduct occurred, thereby supporting the charge of endangering the welfare of a child (*see People v Strickland*, 78 AD3d 1210, 1211-1212 [2010]). Viewing the evidence in a neutral light—given that a different verdict would not have been unreasonable—and weighing the relative probative force of the conflicting testimony and the strength of the conflicting inferences to be drawn, we reject defendant's argument that the jury's verdict is against the weight of the evidence (*see People v Bleakley*, 69 NY2d at 495; *People v Johnson*, 107 AD3d 1161, 1163-1164 [2013], *lv denied* 21 NY3d 1075 [2013]; *People v McFarland*, 106 AD3d 1129, 1131 [2013]).

Defendant did not preserve his current challenge to the jury charge by either requesting further definitions of terms or objecting to the charge that was given (*see People v Holzer*, 52 NY2d 947, 948 [1981]; *People v Rogers*, 94 AD3d 1246, 1251 [2012], *lv denied* 19 NY3d 977 [2012]). Defendant's remaining arguments have been considered and found to be unpersuasive.

Stein, J.P., Spain and Garry, JJ., concur. Ordered that the judgment is affirmed.