*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 23, 2014          105464
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                               MEMORANDUM AND ORDER

WILLIAM A. LANCASTER,
                    Appellant.
_____

Calendar Date:  September 4, 2014

Before:  Peters, P.J., Stein, Garry, Lynch and Devine, JJ.

_____

        Rebecca L. Fox, Plattsburgh, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the Supreme Court (Lawliss, J.), rendered September 17, 2012 in Clinton County, upon a verdict convicting defendant of the crimes of criminal sexual act in the first degree, attempted criminal sexual act in the first degree and endangering the welfare of a child (two counts).

        Defendant, who was then 53 years old, was charged in a 17-count indictment arising out of allegations that he forced his 13-year-old victim to engage in sexual contact and sexual intercourse on multiple occasions during a period beginning sometime in July or August 2011 and continuing through November 10, 2011.  As relevant to the issues presented, five counts involved sexual activity occurring on November 10, 2011.  Defendant was arrested after a police detective arranged a

recorded telephone call between the victim and defendant, who was well-known by both the victim and her mother. During the call, defendant acknowledged that there had been sexual activity between them. After a jury trial, defendant was sentenced to concurrent prison terms of 18 years with 10 years of postrelease supervision on his conviction of criminal sexual act in the first degree, 15 years with 10 years of postrelease supervision on his conviction of attempted criminal sexual act in the first degree, and one year each on his two convictions of endangering the welfare of the child.

On this appeal, defendant claims that the People failed to present legally sufficient proof of criminal sexual act in the first degree or attempted criminal sexual act in the first degree and that the guilty verdicts therefor were against the weight of the evidence. Although he concedes that his claim of legal insufficiency was not preserved for this Court's review (see People v Hawkins, 11 NY3d 484, 491-492 [2008]), "our review of the weight of the evidence necessarily includes our verification that the elements of the crime were established" (People v Wingo, 103 AD3d 1036, 1036, lv denied 21 NY3d 1021 [2013]). As relevant here, a defendant is guilty of criminal sexual act in the first degree "when he or she engages in oral sexual conduct or anal sexual conduct with another person . . . [b]y forcible compulsion" (Penal Law § 130.50 [1]). A defendant is guilty of attempted criminal sexual act in the first degree when he or she intentionally engages in conduct which "tends to effect" such criminal sexual act (Penal Law § 110.00). Defendant claims that because the jury acquitted him of the count of sexual abuse in the first degree alleging oral sexual conduct by forcible compulsion and rape in the first degree alleging sexual intercourse by forcible compulsion for the event occurring on November 10, 2011, the weight of the evidence fails to support the jury's findings that defendant engaged in anal sexual conduct by forcible compulsion and attempted to engage in oral sexual conduct by forcible compulsion. We disagree.

The element of "forcible compulsion" is necessary and common to both the crimes of rape in the first degree and criminal sexual act in the first degree (see Penal Law §§ 130.35 [1]; 130.50 [1]). Accordingly, defendant was charged with

"compel[ling] [the acts] by either . . . use of physical force; or . . . a threat, express or implied, which places a person in fear of . . . physical injury to . . . herself or another person" (Penal Law § 130.00 [8] [a], [b]; see People v Nailor, 268 AD2d 695, 697 [2000]).  "The element of forcible compulsion is examined through the state of mind produced in the victim, and relevant factors include the age of the victim, the relative size and strength of the defendant and victim, and the nature of the defendant's relationship to the victim" (People v Scanlon, 52 AD3d 1035, 1038-1039 [2008] [internal quotation marks, brackets and citations omitted], lv denied 11 NY3d 741 [2008]).

In performing a weight of the evidence review, our obligation is to review the evidence "in a neutral light, with deference to the jury's credibility assessments, and, if based on all the credible evidence a different finding would not have been unreasonable, we must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Henehan, 111 AD3d 1151, 1153 [2013] [internal quotation marks, brackets and citations omitted]). Upon review of the evidence in this case, we find that, although a different finding would not have been unreasonable, there was ample support for the jury's verdict.  The victim testified with regard to her family's relationship with the older and physically larger defendant.  She was able to describe the event involving anal sexual contact and oral sexual contact with great detail and to explain that defendant held her legs, used his body weight to restrain her and prevent her from moving, and that he proceeded despite her cries of protest.  In our view, the victim's testimony establishes the element of forcible compulsion (see People v Wright, 88 AD3d 1154, 1157 [2011], lv denied 18 NY3d 863 [2011]; People v Val, 38 AD3d 928, 929 [2007], lv denied 9 NY3d 852 [2007]; People v Plaisted, 2 AD3d 906, 907 [2003], lv denied 2 NY3d 744 [2004]).  This is particularly so given the ages of defendant and the victim, the victim's expressed fear from prior incidents and the effect of defendant's "fatherly status in the household" (People v Nailor, 268 AD2d at 698).

We also reject defendant's claim that the audiotape of his conversation with the victim should not have been allowed into

evidence.  "Admissibility of tape-recorded conversation requires proof of the accuracy or authenticity of the tape by clear and convincing evidence establishing that the offered evidence is genuine and that there has been no tampering with it" (People v Ely, 68 NY2d 520, 527 [1986] [internal quotation marks and citation omitted]). "The foundational requirements for admission of a recorded conversation include proof of both the authenticity of the tape and the identity of the speakers on the tape" (People v Vanhoesen, 31 AD3d 805, 807 [2006] [citations omitted]). Proper foundation may be provided through, as relevant here, testimony by "a witness to the conversation or to its recording" (People v Ely, 68 NY2d at 527).  Further, "a speaker's identity may be proven through circumstances surrounding the recorded conversation, which must include sufficient indica of reliability" (People v Vanhoesen, 31 AD3d at 808), "such as the substance of the conversation confirming the identity of the party" (People v Shapiro, 227 AD2d 506, 507 [1996], lv denied 88 NY2d 1024 [1996]).  Here, Detective Steven Dube testified that he supervised and recorded the controlled telephone call and identified both defendant's and the victim's voices on the recording.  He further testified that he listened to the audiotape prior to his testimony and that it was not different from the conversation he recorded on November 14, 2011.  Under these circumstances, Supreme Court acted within its discretion when it admitted the audiotape into evidence.

We are unpersuaded that defendant's sentence was harsh or excessive.  Where, as here, the sentence falls within the permissible statutory range, "we will not disturb it unless we find that the sentencing court abused its discretion or extraordinary circumstances exist warranting a modification" (People v Cruz, 53 AD3d 986, 986 [2008]).  Given the nature of defendant's crimes and that the aggregate sentence is less than the maximum allowable, we discern nothing from the record that indicates that the court abused its discretion nor are there any extraordinary circumstances warranting a modification of the sentence imposed (see People v Davis, 114 AD3d 1003, 1004 [2014], lv denied 23 NY3d 962 [2014]; People v Bjork, 105 AD3d 1258, 1264 [2010], lv denied 21 NY3d 1040 [2013]; People v Maggio, 70 AD3d 1258, 1261 [2010], lv denied 14 NY3d 889 [2010]).

At sentencing, Supreme Court also issued an order of protection for the victim's benefit.  Our review of the record confirms that Supreme Court did not err when it calculated the duration of the order to be 28 years from the date of sentencing. Where, as here, a defendant is convicted of a felony, the duration of an order of protection "shall not exceed the greater of: (i) eight years from the date of such sentencing, or (ii) eight years from the date of the expiration of the maximum term of an indeterminate or the term of a determinate sentence of imprisonment actually imposed" (CPL 530.12 [5] [A]).  For purposes of calculating the duration of an order of protection, defendant's sentence here included the mandatory period of postrelease supervision (see People v Crowley, 34 AD3d 866, 868 [2006], lv denied 7 NY3d 924 [2006]).  Accordingly, with the postrelease supervision term, the sentence was 28 years and, inasmuch as defendant was not in custody for more than eight years prior to sentencing, the order of protection does not violate CPL 530.12 (5) (A).

Peters, P.J., Stein, Garry and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court