Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered September 19, 2014. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and criminal possession of a weapon in the second degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). The charges stemmed from an altercation outside a bar that resulted in a shooting.
 

 Defendant failed to preserve for our review his contention that the photographic arrays used by the police were unduly suggestive (see CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
 

 Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), and affording great deference to the jury’s credibility determinations, we conclude that the verdict is not against the weight of the evidence with respect to the issues of intent and identification (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The jury was entitled both to infer defendant’s criminal intent from the victim’s testimony that defendant aimed and fired a gun at him, and to accept the victim’s identification of defendant as the perpetrator, which was corroborated by several eyewitnesses who had prior familiarity with defendant.
 

 We agree with defendant that Supreme Court erred in denying his request for a missing witness charge. Defendant met his initial burden of demonstrating that the uncalled witness, who was walking behind the victim moments before the altercation, was “knowledgeable about a pending material issue and that such witness would be expected to testify favorably to the opposing party” (People v Gonzalez, 68 NY2d 424, 428 [1986]; see People v Smith, 225 AD2d 1030, 1030 [1996]). The burden then shifted to the People “to account for the witness’ absence or otherwise demonstrate that the charge would not be appropriate” (Gonzalez, 68 NY2d at 428). The People failed to meet that burden inasmuch as their “unsubstantiated assertion that the witness claimed to have no recollection of the pertinent events is insufficient to establish that the witness was not available or that he was not knowledgeable about any pending material issue” (Smith, 225 AD2d at 1031). Moreover, the prosecutor’s assertion is not substantiated by virtue of the fact that he provided it under oath (see generally People v Macana, 84 NY2d 173, 179 [1994]). We nevertheless conclude that the court’s error in denying defendant’s request is harmless inasmuch as the evidence of defendant’s guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (see People v Fields, 76 NY2d 761, 763 [1990]; People v Abdul-Jaleel, 142 AD3d 1296, 1297 [2016], lv denied 29 NY3d 946 [2017]; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
 

 We reject the further contention of defendant that he was denied effective assistance of counsel based upon defense counsel’s strategic decisions not to seek a jury charge on a lesser-included offense (see People v Colville, 20 NY3d 20, 23 [2012]; People v Rivera, 71 NY2d 705, 708-709 [1988]; People v Lane, 60 NY2d 748, 749-751 [1983]), or to object to alleged instances of prosecutorial misconduct (see People v Taylor, 1 NY3d 174, 176-177 [2003]). The record, viewed as a whole, demonstrates that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
 

 Finally, the sentence is not unduly harsh or severe.
 

 Present — Smith, J.P., Peradotto, Lindley, DeJoseph and Winslow, JJ.