Bruno v Port Auth. of N.Y. & N.J. (2018 NY Slip Op 00069)





Bruno v Port Auth. of N.Y. & N.J.


2018 NY Slip Op 00069


Decided on January 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 4, 2018

Renwick, J.P., Manzanet-Daniels, Gische, Kahn, Singh, JJ.


5363 156291/12

[*1]Kathleen Bruno, Plaintiff-Respondent,
v
The Port Authority of New York and New Jersey, Defendant-Respondent, Hudson Transit Lines, Inc., Defendant-Appellant.


Gallo Vitucci Klar LLP, New York (Kimberly A. Ricciardi of counsel), for appellant.
Hannum Feretic Prendergast & Merlino, LLC, New York (William C. Lawlor of counsel), for the Port Authority of New York and New Jersey, respondent.
Ephrem J. Wertenteil, New York, for Kathleen Bruno, respondent.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about April 18, 2016, which, insofar as appealed from, denied defendant Hudson's motion for summary judgment dismissing all claims and cross claims against it, unanimously affirmed, without costs.
Issues of fact exist as to whether Hudson breached its duty as a common carrier to provide plaintiff with a safe place to disembark (see Malawer v New York City Tr. Auth., 18 AD3d 293, 294-295 [1st Dept 2005], affd 6 NY3d 800 [2006]; Conetta v New York City Tr. Auth., 307 AD2d 333, 333 [2d Dept 2003]). The record shows that 15 or 20 passengers exited the bus before plaintiff. As she alighted, she stepped into a hole on the sidewalk and fell. The bus driver corroborated this testimony, stating that the hole was on the sidewalk, "[w]ithin one step" of where plaintiff disembarked. The bus driver further admitted that the hole caused plaintiff to fall. Additionally, plaintiff testified that, upon seeing where she fell, the bus driver exclaimed, "[Y]ou fell in that hole, they're supposed to fix that hole." Under the circumstances, where plaintiff stepped into a hole immediately upon alighting from the bus, the fact that a number of passengers safely descended before she did does not entitled Hudson to summary judgment (see Orlick v Granit Hotel & Country Club, 30 NY2d 246, 250 [1972]; Noskewicz v City of New York, 155 AD2d 646, 646 [2d Dept 1989]).
Issues of fact as to, among other things, whether Hudson breached its contractual duty to notify Port Authority of any
needed repairs at the gate where the accident occurred compel denial of summary judgment on Port Authority's contractual indemnification claim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 4, 2018
CLERK