People v Bacon (2018 NY Slip Op 03258)





People v Bacon


2018 NY Slip Op 03258


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND TROUTMAN, JJ.


437 KA 16-00310

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERIC BACON, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered May 29, 2015. The judgment convicted defendant, upon a jury verdict, of assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]). The conviction arises from a dog attack that caused the victim to sustain injuries that included broken bones in his hands and the amputation of a portion of one of his fingers. The victim as well as witnesses to the attack testified that two pit bull terriers that had escaped their owner's property attacked the victim, biting at his arms and legs, as the victim attempted to protect his dog from the pit bulls. Defendant, who was a friend of the owner of the pit bulls, arrived at the scene in a van driven by another man. Defendant exited the van, retrieved the two pit bulls and placed them in the van. After the pit bulls were secured in the van, the victim stood in front of the van and angrily told defendant that the police had been called and "you're not going anywhere." Defendant responded by asking the victim, "you coming at me? Are you going to stop me from leaving?" At that point defendant opened the van door and issued a command to the larger pit bull, who attacked the victim a second time, inflicting the injuries to the victim's hands.
Defendant contends that the evidence is legally insufficient to support the conviction inasmuch as the People failed to prove that he intended to cause serious physical injury to the victim, that the victim's injuries resulted from the second attack, or that the dog was a dangerous instrument. At the outset, we note that defendant incorrectly concedes that he did not preserve his challenge to the legal sufficiency of the evidence for our review because, while his motion for a trial order of dismissal was " specifically directed' " at certain alleged deficiencies in the proof (People v Gray, 86 NY2d 10, 19 [1995]), the renewed motion was not so directed. Contrary to defendant's concession, "defense counsel's renewal, directly referencing the earlier motion, is sufficient to preserve for our review his contention that the evidence is legally insufficient to establish that defendant" intended to cause serious physical injury to the victim (People v Meacham, 151 AD3d 1666, 1668 [4th Dept 2017], lv denied 30 NY3d 981 [2017]). Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), however, we conclude that the evidence is legally sufficient to establish such intent (see People v Mateo, 77 AD3d 1374, 1374 [4th Dept 2010], lv denied 15 NY3d 922 [2010]). Defendant's remaining challenges to the sufficiency of the evidence are not preserved for our review (see generally People v Simmons, 133 AD3d 1227, 1227 [4th Dept 2015]).
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We further conclude, contrary to defendant's contention, that defense counsel provided meaningful representation. Counsel pursued a legitimate trial strategy in declining Supreme Court's offer to charge the lesser included offense of assault in the second degree (see People v Trotman, 154 AD3d 1332, 1333 [4th Dept 2017], lv denied 30 NY3d 1109 [2018]), and opting not to pursue an intoxication defense (see People v Harris, 129 AD3d 1522, 1525 [4th Dept 2015], lv denied 27 NY3d 998 [2016]), or to present evidence that was "incredible and potentially harmful to the defense" (People v Llanos, 13 AD3d 76, 77 [1st Dept 2004], lv denied 4 NY3d 833 [2005]).
We agree with defendant that the prosecutor, in his opening statement, improperly commented on defendant's refusal to identify the driver of the van in response to police questioning (see People v Williams, 25 NY3d 185, 190 [2015]). The court, however, struck the prosecutor's comment and instructed the jury not to draw any inference adverse to defendant from his exercise of his constitutional right to refuse to answer the police officer's question. "The jury is presumed to have followed the court's curative instruction, and we conclude that it was sufficient to eliminate any prejudice to defendant" (People v Reyes, 144 AD3d 1683, 1685 [4th Dept 2016]).
Contrary to defendant's contention, we conclude that the court's supplemental instruction on intent "adequately conveyed the applicable principles of law to the jury and was a meaningful response to the jury's inquiry" (People v Smith, 21 AD3d 1277, 1278 [4th Dept 2005], lv denied 7 NY3d 763 [2006]).
Even assuming, arguendo, that defendant's complaints about defense counsel at sentencing constituted a " seemingly serious request' " for new counsel (People v Porto, 16 NY3d 93, 100 [2010]), we conclude that the court made the requisite inquiry (see id.; People v Jackson, 120 AD3d 1601, 1602 [4th Dept 2014], lv denied 26 NY3d 1040 [2015]), and properly determined that substitution of counsel was not warranted (see People v Pettaway, 30 AD3d 257, 258 [1st Dept 2006], lv denied 7 NY3d 816 [2006]).
Finally, the sentence is not unduly harsh or severe.
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court